Vicki KERBOW

v.

Sammy KERBOW and General Motors Corp.

Mary RICHARDSON

v.

Bennie RICHARDSON and General Motors Corp.

Civ. A. Nos. CA 4–76–121, CA 4–76–122.

United States District Court, N. D. Texas, Fort Worth Division.

Oct. 9, 1976.

---

15. Approximately two thousand absentee ballots are mailed overseas.

Carmen Glazner, Fort Worth, Tex., for plaintiffs.

Ira Butler, Fort Worth, Tex., for defendants.

## MEMORANDUM AND ORDER

MAHON, District Judge.

These two cases present a common issue of jurisdiction under Title I of the Employee Retirement Income Security Act of 1974, Pub.L. 93–406 (2 Sept. 1974), 29 U.S.C. § 1001 *et seq.* [hereinafter "the Act"]. Both cases were originally filed in state court and removed to this federal district court by the common Defendant, General Motors Corporation [hereinafter "Defendant"].[1] Contemporaneously with the filing of its petitions and bonds for removal of these two causes of actions, Defendant filed its answers and motions to dismiss. Plaintiffs subsequently filed motions to remand. The motions to remand and to dismiss came on for hearing before the Court on 31 August 1976. Having carefully considered the pleadings, briefs, and arguments of counsel for all parties, the Court is of the opinion that the above-referenced causes of action should be remanded to state court.

---

[1]. Individual Defendants Sammy Kerbow and Bennie Richardson have evidently not yet appeared or filed any documents in either state or federal court.

## I.

Both of these cases arise out of divorce proceedings between male participants in an employee benefit plan and their wives.

On 14 December 1973, Plaintiff Vicki Kerbow petitioned for divorce from her husband, Defendant Sammy Kerbow. On 10 March 1975, Domestic Relations Court No. 3 of Tarrant County, Texas, entered a decree of divorce, granting the divorce and dividing the community property pertinent to the present lawsuit as follows:

The Court finds that the parties own community property. Based on Respondent's representation to the Court that the combined value of his General Motors shares of stock and interest in a General Motors Retirement Fund is Eight Hundred and No/100 ($800.00) Dollars, and that Series E. Government Bonds in Respondent's name, purchased with community funds, have a total face value of Six Hundred Seventeen and 04/100 ($617.04) Dollars, the Court finds the following division of community property equitable.

IT IS THEREFORE ORDERED AND DECREED that Respondent is awarded the following:

    *     *     *     *     *     *

(b) General Motors stock.

(c) General Motors Retirement Fund.

    *     *     *     *     *     *

Petitioner is awarded the following:

(a) One Thousand Four Hundred and No/100 ($1,400.00) Dollars in lieu of General Motors stock and General Motors Retirement Fund.

    *     *     *     *     *     *

(c) 1965 Volvo automobile.

    *     *     *     *     *     *

All property not disposed of by this Decree shall be owned jointly by Petitioner and Respondent.

On 11 August 1972, Plaintiff Mary Richardson petitioned for divorce from her husband, Defendant Bennie Richardson. On 24 January 1974, the Domestic Relations Court No. 4 of Tarrant County, Texas, entered a decree of divorce, granting the divorce and dividing the community property pertinent to the present lawsuit as follows:

10. That BENNIE RICHARDSON and MARY RICHARDSON hereby agree and stipulate that BENNIE RICHARDSON was employed by General Motors Corporation, November 27, 1953, and that BENNIE RICHARDSON has contributed to the Pension Plan as agreed between General Motors Corporation and United Auto Workers since November 27, 1953; that BENNIE RICHARDSON is past sixty years of age; that BENNIE RICHARDSON could voluntarily retire with pension benefits at age sixty; that MARY RICHARDSON is entitled forty per cent (40%) of pension benefits to which BENNIE RICHARDSON is presently entitled; that BENNIE RICHARDSON's employer, General Motors Corporation and/or the United Auto Workers Union are in exclusive possession of information whereby the amount of retirement benefits could be ascertained as of the date of this decree; that said General Motors Corporation and/or the United Auto Workers Union fail and refuse to calculate the amount of retirement benefits due BENNIE RICHARDSON until the date BENNIE RICHARDSON retires.

11. That BENNIE RICHARDSON agrees to ascertain from his said employer and/or said Union at the time he retires the amount of pension benefits he would have received had he retired as of the date of this divorce decree and to instruct the payor of such benefits to withhold from each retirement payment an amount equal to forty per cent of the amount he would have received had he retired as of the date of this decree and to forward said forty per cent to MARY RICHARDSON.

12. BENNIE RICHARDSON agrees that should he not ascertain the amount certain as set forth in the preceding paragraph for whatever reason, then the amount due MARY RICHARDSON as her community interest in his Retirement Pension Benefit shall be forty per cent (40%) of each payment he receives and

shall become due and owing each time he receives a Retirement Pension payment.

On 19 April 1976, Plaintiff Vicki Kerbow filed her original petition in County Court at Law in and for Tarrant County, Texas, praying for judgment defining her interest in a deposit fund for the purchase of stocks and bonds to be delivered to Sammy Kerbow, and naming both Sammy Kerbow and General Motors Corporation as Defendants. Plaintiff Vicki Kerbow's state court petition makes no mention of the Act and sets forth no claim that Plaintiff Vicki Kerbow is a beneficiary under the Act.

On the same date, Plaintiff Mary Richardson filed her original petition in the District Court of Tarrant County, Texas (17th Judicial District), naming both Bennie Richardson and General Motors Corporation as Defendants. In part, her petition states:

> The Defendant, General Motors Corporation, has refused to honor the judgment of the Domestic Relations Court, and refused to pay or withhold for Plaintiff any percentage of the pension payments accruing to Bennie Richardson, who retired after the divorce. General Motors Corporation assigns for its dishonor of the judgment a clause of the pension plan forbidding alienation by any employee benefited. Counsel for General Motors overlook the community property law of Texas, that the division of vested rights in the pension plan was simply partition, no "alienation" by either party. The Plaintiff demands of the Defendant, General Motors Corporation, what sum it has paid to Bennie Richardson regardless of the divorce judgment and of sums to accrue to him under the pension plan.

> \*   \*   \*   \*   \*   \*

> And the Plaintiff demands judgment for general relief in the premises.

The petition does not mention the Act and sets forth no claim that Plaintiff is a beneficiary under the Act, other than the language quoted above.

Defendant petitioned for removal in both cases on 13 May 1976. In its petitions, Defendant stated:

> Said action referred to above and filed in the State Court is one in which the United States District Court has exclusive jurisdiction, in that the said action is one which must be brought under the Labor provisions of the Pension Reform Act, specifically 29 U.S.C.A., § 1132(d)(2) and (f), as more fully appears from the allegations contained in Plaintiff's Original Petition and Citation, copies of which are attached hereto, marked Exhibit "A" and made a part of this Petition.

Nowhere do Defendant's petitions for removal claim that either Plaintiff is a beneficiary under Defendant's Pension Plan. Indeed, Defendant has orally argued that neither Plaintiff is a beneficiary under the Plan, though it construes their petitions to include claims to be such beneficiaries.

Defendant's motions to dismiss are based on its claim that all disbursements of funds under its pension plan are handled exclusively by the National Bank of Detroit, as trustee. Defendant claims, and presented evidence in support thereof, that Defendant has no control over the payment of sums due under the agreement it has with the National Bank of Detroit, which makes all decisions concerning payment under the employee benefit plans.

In their motions to remand, Plaintiffs claim for the first time that they are beneficiaries under the Act. They claim, however, that the real issue in the cases is one of Texas community property law and that, therefore, the Court should remand under motions of comity. In its response to the motions to remand, Defendant has argued that Plaintiffs cannot be construed as beneficiaries under the Act.

II.

The congressional declaration of policy underlying the Act is set forth in 29 U.S.C. § 1001, which provides in pertinent part:

> (b) It is hereby declared to be the policy of this Act to protect interstate commerce and the interests of participants in employee benefit plans and their beneficiaries, by requiring the disclosure and reporting to participants and beneficiaries

of financial and other information with respect thereto, by establishing standards of conduct, responsibility, and obligation for fiduciaries of employee benefit plans, and by providing for appropriate remedies, sanctions, and ready access to the Federal courts.

Civil enforcement is provided for in 29 U.S.C. § 1132, which states in relevant part:

(a) A civil action may be brought—
(1) by a participant or beneficiary—

\*　　\*　　\*　　\*　　\*　　\*

(B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan[.]

### III.

■ It is an often stated principle of first importance that the federal courts are courts of limited jurisdiction, which can hear cases only where empowered to do so by the Constitution or by act of Congress. 13 Wright, Miller & Cooper, *Federal Practice and Practice* § 3522. Where that power is granted by statute, the federal courts must scrupulously confine their jurisdiction to the precise limits that the federal statute has defined. *Victory Carriers, Inc. v. Law,* 404 U.S. 202, 92 S.Ct. 418, 30 L.Ed.2d 383 (1971); *Turner v. President, Directors & Co. of the Bank of North America,* 4 Dall. (4 U.S.) 7, 1 L.Ed. 718 (1799). Consistent with this philosophy of scrupulously limiting federal jurisdiction, it is well established that the removal statutes must also be strictly construed. *See* the cases gathered in 14 Wright, Miller & Cooper, *supra,* § 3721 at 535–536 n. 81.

■ A civil action brought in state court can be removed by the defendants to federal district court only where the federal court would have had jurisdiction of the action had it been brought originally in the federal court. 28 U.S.C. § 1441. Accordingly, the basis for jurisdiction must inhere from the plaintiff's claim in state court. Since state court pleading procedure may differ from the federal procedure, the federal court must evaluate the substantive

underpinnings of the plaintiff's claim by examining the whole record as it stands at the time the petition for removal is filed, to determine whether jurisdiction is proper in the federal court. 14 Wright, Miller & Cooper, *supra,* § 3721 at 530 & n. 63 & 64, § 3722 at 560–561 & n. 22, & § 3734 at 736–739. The defendant always has the burden of establishing that the removal is proper. *Wilson v. Republic Iron & Steel Co.,* 257 U.S. 92, 42 S.Ct. 35, 66 L.Ed. 144 (1921); *Wilson v. New York Terminal Warehouse Co.,* 398 F.Supp. 1379 (D.Ala. 1975).

■ Once a motion to remand is filed, the federal district court is limited solely to the question of its authority to hear the case pursuant to the removal statute. 14 Wright, Miller & Cooper, *supra,* § 3739 at 760 & 760 & n. 14. Even if a motion to remand has not been filed, or if one has been filed on different grounds, the federal district court is required to notice and determine the existence of jurisdictional questions on its own motion. *Id.,* § 3739 at 756–757 & n. 4. "Thus, the court must be certain that federal jurisdiction is proper before entertaining a motion by defendant to dismiss plaintiff's complaint for failure to state a claim upon which relief may be granted." *Id.,* § 3739 at 757–758. *See In re Bear River Drainage Dist.,* 267 F.2d 849 (10th Cir. 1959); *Arcady Farms Milling Co. v. Northcutt,* 87 F.Supp. 373 (D.S.C.1949).

■ In his petition for removal, the defendant is required to set forth "a short and plain statement of the facts "upon which jurisdiction rests, if that does not appear in the pleadings. 28 U.S.C. § 1446(a). This requirement of a statement of facts is generally interpreted liberally, 14 Wright, Miller & Cooper, *supra,* § 3733 at 733–734, so that the federal district court will look to the entire record of a case to determine whether the proper jurisdictional underpinnings are present. *Id.,* § 3734 at 636–739. As with other jurisdictional questions, the Court must decide all issues of fact raised by a motion to remand. *Kansas City, F. S. & M. R. R. v. Daughtry,* 138 U.S. 298, 11 S.Ct. 306, 34 L.Ed. 963 (1891); *Pre-*

*ston v. Grant Advertising, Inc.,* 375 F.2d 439 (5th Cir. 1967); 14 Wright, Miller & Cooper, *supra,* § 3739 at 760–761 & n. 15. And if the jurisdictional facts do not plainly appear from the record as a whole, an evidentiary hearing on the issue of jurisdiction is required. *In re Southwestern Bell Telephone Co.,* 535 F.2d 859 (5th Cir. 1976); *Kaslo v. City of Meridian, Miss.,* 360 F.2d 282 (5th Cir. 1966); *Smith v. City of Jackson,* 358 F.2d 705 (5th Cir. 1966).

### IV.

Jurisdiction for civil enforcement under the Act is provided in 29 U.S.C. § 1132(e)(1), which states in relevant part:

> State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions under subsection (a)(1)(B) of this section.

It is on this statute that Defendant relies for removal.[2]

Unfortunately, 29 U.S.C. § 1132(e)(1) is one of those specific statutory grants of jurisdiction where questions of jurisdiction are hopelessly intertwined with questions of standing and failure to state a claim. It grants jurisdiction only for "actions *under* subsection (a)(1)(B) of this section." Hence, to determine whether jurisdiction exists, this Court must determine whether the substantive underpinnings of Plaintiff's state court petition state a cause of action under 29 U.S.C. § 1132(a)(1)(B). That statute is defined first in terms of standing and then in terms of substantive relief sought. It states that "a civil action may be brought *by a participant or beneficiary* . . . ."

The terms "participant" and "beneficiary" are defined in the Act as follows:

> The term "participant" means any employee or former employee of an employer, or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit.

> The term "beneficiary" means a person designated by a participant, or by the terms of an employee benefit plan, who is or may become entitled to a benefit thereunder.

29 U.S.C. § 1002(7) & (8).

■ It is undisputed that neither Plaintiff is a "participant" in the employee benefit plans, as that term is defined in the Act. And although Plaintiffs claim in their briefs that they are "beneficiaries" under the employee benefit plans by virtue of their state court judgments, they are clearly using that term in the sense of its common dictionary usage. It is undisputed that neither Plaintiff is a "beneficiary" of the employee benefit plans as that term is defined by the Act. Neither was designated a beneficiary by a participant or by the terms of the plans themselves.

■ The Court is not of the opinion that the state court decrees of divorce involved herein actually attempt to alter the terms of the plans in order to make the Plaintiffs "beneficiaries" as that term is defined by the Act. Instead, they simply give Plaintiffs a right to the money that their Defendant husbands may receive from the plan. A state domestic relations court would not have the power to alter the plans.

---

**2.** The Court notes that jurisdiction for civil actions under the Act can also be predicated on 28 U.S.C. § 1337, which provides:

> The district courts shall have original jurisdiction of any civil action or proceeding arising under any Act of Congress regulating commerce or protecting trade and commerce against restraints and monopolies.

*Leonardis v. Local 282 Pension Trust Fund,* 391 F.Supp. 554, 556–557 (E.D.N.Y.1975).

Since 28 U.S.C. § 1337 uses "arising under" language, however, its grant of jurisdiction with regard to this Act is no broader than is that of 29 U.S.C. § 1132(e)(1), and a determination that Plaintiff has failed to state a claim under the Act, which is implicit in a determination that this Court lacks jurisdiction under § 1132(e)(1), would also deprive the Court of jurisdiction under 28 U.S.C. § 1337.

The "arising under" rationale would also apply to jurisdiction under 28 U.S.C. § 1331 if the parties could show $10,000 in controversy.

Nor does the Court find any merit to Plaintiffs' contentions that the fact that Texas is a community property state makes Plaintiffs "participants" or "beneficiaries" under the Act. Those terms are strictly and clearly defined in terms of status other than ownership.

Since neither Plaintiff is a "participant" or "beneficiary" under the Act, both lack standing and have failed to state a claim under 29 U.S.C. § 1132(a)(1)(B). This Court therefore, lacks jurisdiction over Plaintiffs' claims and must remand these causes of action to state court.

It is apparent that 29 U.S.C. § 1132(a)(1)(B) was enacted to give those directly involved in disputes between the employees themselves, or their named beneficiaries, and the administrator of the pension fund the right to sue as to their rights under the terms of the plan. *See* 29 U.S.C. § 1001(b), set forth *supra*. It was not the purpose of Congress to embroil either the employers or the federal court system in state divorce proceedings. Civil actions such as this may properly be characterized as ancillary to state court proceedings, and may be remanded on that ground alone. 14 Wright, Miller & Cooper, *supra*, § 3721 at 526–527 n. 47–48.

Defendant's removal may also be improper and subject to remand for the failure of all Defendants to join in the petition for removal. *Tri-Cities Newspapers, Inc. v. Tri-Cities Printing Pressman & Assistants' Local 349*, 427 F.2d 325 (5th Cir. 1970). It is unclear, however, at this time, whether the Defendant husbands were ever actually served. *See* Wright, Miller & Cooper, *supra*, § 3731 at 718–720.

### V.

Defendant has moved to be dismissed entirely from the suit. It complains that this Court would be "throwing [it] to the wolves" to remand without dismissing. Defendant fears that the state courts might reach a different conclusion concerning the availability of 29 U.S.C. § 1132(a)(1)(B) to Plaintiffs in these actions.

Defendant's fears are unfounded. In reaching the decision that this Court is without jurisdiction, the Court has had to make substantive decisions that the Plaintiffs lack standing and have failed to state a cause of action under 29 U.S.C. § 1132(a)(1)(B). As previously stated, the manner in which the statute in question is drawn requires a simultaneous determination of jurisdiction, standing, and stating a claim. These dismissals of all claims based on 29 U.S.C. § 1132(a)(1)(B) are substantive determinations and will operate as *res judicata* on any similar claims in state court. Indeed, this Court's dismissals of Plaintiffs' claims under the Act are appealable despite the fact that they result in an order of remand. *Waco v. United States Fidelity & Guar. Co.*, 293 U.S. 140, 55 S.Ct. 6, 79 L.Ed. 244 (1934); *Southeast Mortgage Co. v. Mullins*, 514 F.2d 747 (5th Cir. 1975).

Moreover, Congress intended the Act to supersede any and all state laws regulating employee benefit plans. 29 U.S.C. § 1144. Thus, any cause of action against Defendant under the terms of the benefit plans would be barred by this decision.

As a practical matter, however, the Court is of the opinion that this action should be remanded without dismissing Defendant from this action entirely. It is impossible to tell from Plaintiffs' rather vague state court petitions whether they might be alleging some collateral state basis for suing Defendant. All claims under the terms of the benefit plans will, however, be dismissed.

### VI.

Accordingly, the Court ORDERS that Plaintiffs' claims to relief against Defendant General Motors Corporation under 29 U.S.C. § 1132(a)(1)(B) be hereby dismissed for lack of standing, failure to state a cause of action, and lack of jurisdiction over the subject matter. The Court further ORDERS that the above-referenced causes of action be remanded to the state courts from which they were removed. All parties are to bear their own costs on removal.