The **TAGGERT CORPORATION, Stanley M. Kansas and Claire J. Kansas, Plaintiffs,**

v.

E. **Robert EFROS, James A. Markle, William K. Robinson, Old Security Life Insurance Company, Durham Life Insurance Company, Security Insurance Services, and Life and Health Benefits Administration, Inc., Defendants.**

Civ. A. No. H–77–1588.

United States District Court,
S. D. Texas,
Houston Division.

Aug. 21, 1979.

Cary S. Watson, Houston, Tex., for plaintiffs.

Dale Wootton, Dallas, Tex., for E. Robert Efros and James A. Markle.

Gregory Neill Jones, Houston, Tex., for Security Insurance Services.

## MEMORANDUM AND ORDER

CIRE, District Judge.

Plaintiffs instituted this action claiming unjustified termination of insurance benefits alleged to be covered by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, et seq. The Defendants have filed a Motion to Dismiss and a Motion for Summary Judgment contending that this Court lacks jurisdiction.

Subject matter jurisdiction exists if the insurance plan in question, the Security Multiple Employers Trust is an "employee benefit plan" described in 29 U.S.C. § 1003(a). Defendants argue in their motion to dismiss that the Trust is "insurance" which is subject only to state regulation.

ERISA is the result of a congressional endeavor to curb the funding and disclosure abuses of employee pension and welfare benefit plans by establishing minimum federal standards. *Wadsworth v. Whaland*, 562 F.2d 70 (1st Cir. 1977), cert. denied, 435 U.S. 980, 98 S.Ct. 1630, 56 L.Ed.2d 72 (1978). While ERISA supersedes state law regulation of employee benefit plans, the Act allows the States to continue to regulate the sale of insurance. *Bell v. Employee Security Benefit Ass'n*, 437 F.Supp. 382 (D.Kan.1977); *Kerbow v. Kerbow*, 421 F.Supp. 1253 (N.D.Tex.1976); 29 U.S.C. § 1144(b)(2)(A).

The term "employee benefit plan" is defined in 29 U.S.C. § 1002(3) as "an employee welfare benefit plan or an employee pension benefit plan or a plan which is both . . . ." Thus, if the Trust in question is

to constitute a plan covered by ERISA, it must meet the definition of an "employee welfare benefit plan" which is found in 29 U.S.C. § 1002(1):

> ". . . any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, . . . for the purpose of providing . . ., through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, . . ."

It is not disputed that the Trust meets the second portion of this definition dealing with the purpose of such a plan. The question for determination, therefore, is whether the Trust is an ERISA "employee benefit plan" that has been established or maintained by an employer as defined in 29 U.S.C. § 1002(1).

This issue has been previously addressed in the cases of *Hamberlin v. VIP Ins. Trust*, 434 F.Supp. 1196 (D.Ariz.1977), and *Bell v. Employee Security Benefit Ass'n, supra*. Both of these cases held that the employee benefit plans under consideration contained certain characteristics which placed them within the definition of insurance and outside the traditional concept of an ERISA employee benefit plan. Following is a summary of such characteristics:

(1) The establishment of the plan by third party insurance brokers or "entrepreneurs" acting for their own interests and not on behalf of an employer individually or as a group or association;

(2) The lack of voice in the management or operation of the plan on behalf of subscribing employers;

(3) Subscription to the plan by employees without the knowledge of their employers;

(4) The existence of a profit-making enterprise or a plan intended to be "actuarially sound."

An additional aspect of a plan held not to be within the scope of ERISA is found in *Wayne Chemical, Inc. v. Columbus Agency Service Corp.*, 567 F.2d 692 (7th Cir. 1977):

> "An employer does not become a participant in, or establish or maintain a plan by applying for insurance and paying premiums for what it understands to be insurance without any knowledge that the plan exists. Establishing, maintaining, or participating in a plan requires an intent, which presupposes an awareness of the existence of the plan."

The Security Multiple Employers Trust was first established by Defendants, E. Robert Efros and William K. Robinson, in the State of Arizona. The Trust which is the subject of this lawsuit was established by Defendants Efros, Robinson, and James A. Markle in Dallas, Texas. These three Defendants are the Trustees and they appointed Defendant, Life and Health Benefits Administration, Inc., as the administrator of the Trust for the State of Texas.

The Trust Agreement declares that it is made between the Trustees and the subscribing employers. An employer becomes a party to the Trust either by executing a full counterpart of the Agreement itself, or by submitting a separate subscription agreement. The Trust requires all premiums to be paid by the subscribing employers and gives the Trustees the authority to apply for a group insurance policy and the "discretion to determine . . . which benefits shall be provided for and the character and amount of each benefit as the trust fund may afford." The Trust further provides that any group insurance policy issued shall be in the name of the Trustees, and the Trustees shall be the owners of such policy and they shall determine the terms and conditions of eligibility of employees for the purposes of the Trust.

The affidavit of Linda Markle, President of Life and Health Benefits Administration, Inc., states that the Trust was established as a profit-making enterprise by the Trustees and it is intended to be actuarially sound. James A. Markle, Trustee, is also the organizer of Life and Health Benefits Administration, the Trust administrator. Ms. Markle's affidavit also notes that in some cases "employers themselves are not insured, but have merely allowed their employees to apply for coverage." Participants or applicants in the Trust are solicited by agents of Life and Health Benefits Administration on a commission basis.

The Taggert Corporation subscribed to the Trust on behalf of its sole employee, Stanley M. Kansas, by submitting a separate subscription agreement and enrollment card to Life and Health Benefits Administration in December 1975. Both documents were signed and submitted by Stanley M. Kansas. On April 30, 1976, the Taggert Corporation was notified that it had become a subscribing employer of the Trust. Affidavits submitted by Plaintiff, Stanley M. Kansas, and Kenneth J. Bozak, a former director and vice-president of Plaintiff, Taggert Corporation, state that they were led to believe that the Trust was an ERISA plan. Their belief was based upon a letter sent to the Taggert Corporation by Life and Health Benefits Administration outlining certain ERISA requirements applicable to the Trust.

The Trust Agreement attached to the Plaintiff's response to the motion to dismiss is dated March 1, 1975, and is signed only by the three Trustees. There is nothing in the pleadings and affidavits of the Plaintiffs to suggest that the Trust Agreement itself was ever reviewed or signed by anyone on behalf of the subscribing Taggert Corporation. However, it is clear that the Plaintiffs were aware of the existence of the Trust.

While the Trust Agreement states that it operates on behalf of its subscribing employers, such employers are not given the control over management or operation of the Trust contemplated by an ERISA plan. See *Hamberlin v. VIP Insurance Trust, supra*, at 1198. The profit-making aspects of the Trust coupled with the fact that it was established by third parties having business ties to the Trust Administrator suggest that the Trust more closely resembles the "proprietary insurance venture" arrangements discussed in the *Bell, Hamberlin*, and *Wayne Chemical* cases, *supra*. As a commercial venture intended to be actuarially sound, the Security Multiple Employers Trust falls outside the traditional concept of an employee benefit plan. *Bell v. Employee Security Benefit Ass'n, supra*, at 391–392. The requisite intent or awareness on the part of the Taggert Corporation in the establishment, maintenance, and participation in a plan intended to be for the benefit of its employees is lacking herein. The circumstances surrounding the submission of the subscription agreement by Stanley M. Kansas, as President of the Taggert Corporation, for the benefit of Stanley M. Kansas and his family, and the subsequent acceptance of the Taggert Corporation as a participant in the Trust are similar to those found in *Wayne Chemical, Inc. v. Columbus Agency Service Corp., supra*, at 699, note 12. The transaction simply involves the purchase of insurance by Plaintiff, Stanley M. Kansas, for himself and his family. The fact that he subscribed to the Trust as President of the Taggert Corporation, believing that he was enrolling in an employee benefit plan, does not make the Trust an ERISA plan. To be properly characterized as an ERISA plan, a plan must satisfy the Act's definitional requirements in both form and substance. *Hamberlin v. VIP Insurance Trust, supra*, at 1199.

Based upon the foregoing, this Court concludes that the Security Multiple Employers Trust does not qualify as an ERISA employee benefit plan and the Defendants' Motion to Dismiss is granted. Plaintiffs' complaint and action are dismissed for lack of subject-matter jurisdiction.