Noel Zeona STONE, Plaintiff–Appellee,

v.

Ward Herbert STONE, Defendant,

and

Seafarers International Union, Pacific District, Pacific Maritime Association Pension Plan, Defendant–Appellant,

and

Carpenters Pension Trust for Southern California, Intervenor–Appellant.

No. 78–2313.

United States Court of Appeals, Ninth Circuit.

Argued July 9, 1980.

Submitted July 23, 1980.

Decided Sept. 29, 1980.

Rehearing Denied Nov. 24, 1980.

Lawrence Teplin and John S. Miller, Jr., Los Angeles, Cal., Michael H. Salinsky, San Francisco, Cal., argued, for defendant–appellant; Edward A. Scallet, Washington, D. C., Dennis Daniels, Ernst & Daniels, John Paul Jennings, Noble K. Gregory, San Francisco, Cal., on brief.

Dennis R. Pedersen, Walnut Creek, Cal., for plaintiff–appellee.

Before WRIGHT, GOODWIN and WALLACE, Circuit Judges.

WALLACE, Circuit Judge:

Seafarers International Union, Pacific District–Pacific Maritime Association Pension Plan (the Plan) appeals from the district court's grant of summary judgment in favor of Noel Zeona Stone (Noel). *Stone v. Stone*, 450 F.Supp. 919 (N.D.Cal.1978). On the merits, the case presents the question whether the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. §§ 1001, *et seq.*, preempts California community property laws insofar as they require ERISA–regulated employee benefit plans to pay part of a participant's benefits directly to his or her divorced spouse. Also raised is the question whether the district court has jurisdiction over Noel's claim. We affirm.

I

In 1973, Noel instituted dissolution proceedings against her husband, Ward Herbert Stone (Ward), in the California Superior Court for the County of Alameda. On September 25, 1974, that court entered an interlocutory judgment dissolving the marriage. In its interlocutory order, the court ruled that one of the Stones' community assets was a $425 monthly pension pursuant to which the Plan has made payments to Ward since his retirement in 1970. The superior court awarded to Noel a 40% interest in these monthly payments. On October 17, 1974, the court entered a final judgment of dissolution, incorporating the provisions of the interlocutory decree.

From October 1974 to May 3, 1977, Ward failed to comply with the terms of the decree. In particular, he failed to pay to Noel her share of his monthly pension benefits. Noel tried unsuccessfully to join the Plan to her dissolution suit by moving in 1976 to modify the final judgment.

On May 3, 1977, Noel filed suit in the California Superior Court for the County of Alameda against both Ward and the Plan. She alleged that she was the "owner" of 40% of Ward's share in the fund operated by the Plan, and that Ward and the Plan were converting her property each and every month for the use of Ward. Noel sought an order requiring the Plan to pay 40% of Ward's monthly pension benefits directly to her. The Plan petitioned for removal of Noel's civil action to the district court. Noel did not move to remand the action to state court, and has not otherwise objected to removal. Ward did not appear. Ward has left the country, lives in Mexico, is beyond the reach of state court process, and has no property to be levied upon.

The parties stipulated to the facts for purposes of cross–motions for summary judgment. The issue presented in these motions was whether ERISA preempts a state court from ordering an ERISA–regulated pension plan to pay a plan participant's pension benefits directly to his or her ex–spouse. After determining that it had jurisdiction, the district court held that ERISA does not preempt such state–court orders. Accordingly, the district court granted Noel's motion for summary judgment

against the Plan. The district court also held that it lacked pendent jurisdiction over Noel's claim against Ward, and that even if pendent jurisdiction were present, it would be an abuse of discretion to exercise it. Hence, the district court remanded the state claim against Ward to state court.

## II

■ The district court's ruling on the merits was clearly correct. As our decision in *Carpenters Pension Trust v. Kronschna-bel,* 632 F.2d 745 (9th Cir. 1980), demonstrates, the Supreme Court's summary dismissal of the appeal in *In re Marriage of Campa,* 444 U.S. 1028, 100 S.Ct. 696, 62 L.Ed.2d 664 (1980) (*Campa*), binds district and circuit courts to the view that ERISA does not preempt state–court orders requiring a pension plan to pay a community property share of a plan participant's monthly benefit payments directly to his or her ex–spouse. The sole question presented by the instant appeal, therefore, is whether the district court properly exercised jurisdiction to reach the merits in this case.

## III

■ As indicated above, Noel did not object to the Plan's removal of the entire case to the district court. It is well–established that where after removal a case is tried on the merits without objection and the federal court enters judgment, the issue in subsequent proceedings on appeal is not whether the case was properly removed, but whether the federal district court would have had original jurisdiction of the case had it been filed in that court. *Grubbs v. General Elec. Credit Corp.,* 405 U.S. 699, 702, 92 S.Ct. 1344, 1347, 31 L.Ed.2d

612 (1972). We have held that the *Grubbs* rule is applicable when the merits are reached and determined on a motion for summary judgment. *Fristoe v. Reynolds Metals Co.,* 615 F.2d 1209, 1213 (9th Cir. 1980) (per curiam); *Sheeran v. General Elec. Co.,* 593 F.2d 93, 98 (9th Cir.), *cert. denied,* 444 U.S. 868, 100 S.Ct. 143, 62 L.Ed.2d 93 (1979). *See also Farina v. Mission Investment Trust,* 615 F.2d 1068, 1074 & n.16 (5th Cir. 1980). *But cf. Libhart v. Santa Monica Dairy Co.,* 592 F.2d 1062, 1066 (9th Cir. 1979) (*Grubbs* rule inapplicable when only *partial* summary judgment is rendered on the factual *issues* before the court). Thus, our jurisdictional inquiry is confined to the question whether the district court would have had jurisdiction over this action had it been filed originally in district court.[1]

The district court held that it would have had original jurisdiction over Noel's suit against the Plan pursuant to ERISA §§ 502(a)(1)(B) and 502(e)(1), 29 U.S.C. §§ 1132(a)(1)(B) and 1132(e)(1). Section 502(a)(1)(B) provides that a "participant" in an ERISA–regulated pension plan may bring a civil action "to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." Section 502(e)(1) provides that state and federal district courts shall have concurrent jurisdiction of actions brought under section 502(a)(1)(B). The district court found that Noel, by virtue of her interest in Ward's benefits, qualified as a "participant" within the meaning of section 502(a)(1)(B).

At first blush, Noel would not seem to qualify as a "participant," as that term is statutorily defined in ERISA § 3(7), 29 U.S.C. § 1002(7).[2] Noel is not an "employ-

---

1. It is unnecessary, therefore, for us to reach the question which would otherwise be presented here: whether this case was properly removed pursuant to 28 U.S.C. § 1441. *Compare Stone v. Stone,* 450 F.Supp. 919, 923 (N.D. Cal.1978), *with In re Marriage of Pardee,* 408 F.Supp. 666, 667–69 (C.D.Cal.1976). The different results in *Stone* and *Pardee* reflect the apparent tensions between 28 U.S.C. §§ 1441(a) and (b), on one hand, and section 1441(c) on the other. *See generally* C. Wright, Law of

Federal Courts § 39, at 158 59 (3d ed. 1976); Cohen, *Problems in the Removal of a "Separate and Independent Claim or Cause of Action",* 46 Minn.L.Rev. 1, 25–34 (1961); Note, *Removal under Section 1441(c) of the Judicial Code,* 52 Col.L.Rev. 101, 109–12 (1952).

2. Section 3(7) states:

(7) The term "participant" means any employee or former employee of an employer,

ee" of an employer served by the Plan and thus would not appear to be a participant. Thus in *Kerbow v. Kerbow*, 421 F.Supp. 1253 (N.D.Tex.1976), a district court held that a non–employee ex–spouse lacks standing to sue under section 502(a)(1)(B). It further found that, because ERISA is generally preemptive, ex–spouses who do not qualify under section 502(a)(1)(B) may not bring any civil action–state or federal–against an ERISA–regulated pension plan to enforce a community property right to plan benefits.

*Kerbow* has lost its persuasiveness, however, because its reasoning has been undermined by the Supreme Court's subsequent decision in *Campa*. We thus find merit in the district court's reasoning in the instant case: if ERISA permits the transfer of an employee's pension benefit rights to his ex–spouse pursuant to state community property law, then it impliedly authorizes an ex–spouse to enforce these rights against the pension plan in federal court. *See Stone v. Stone, supra*, 450 F.Supp. at 921, 933 n.17.

The main stumbling block to accepting the reasoning of the district court is its interpretation of "participant" to mean something other than what the plain words of the statute generally convey. The Supreme Court's summary action in *Campa* sheds some light on this issue, however, and supports the district court's conclusion. *Campa* involved three consolidated appeals. One of these, *Bryant v. Carpenters Pension Trust Fund* (*Bryant*), arose under circumstances similar to those presented by the instant case and *Kerbow*. After the conclusion of the Bryants' dissolution proceeding, Mrs. Bryant sued her former husband and his pension plan for a declaratory judgment establishing her community property share of her husband's pension benefits. The superior court found in favor of Mrs. Bryant, and the California Court of Appeal affirmed. *In re Marriage of Campa*, 89 Cal. App.3d 113, 152 Cal.Rptr. 362 (1979). In dismissing the *Campa* appeal for want of a federal question, the United States Supreme Court necessarily determined that ERISA, including section 502(a)(1)(B), does not foreclose suits in state courts against ERISA–regulated pension plans by spouses seeking to enforce community property interests. At the very least, therefore, we must say that the word "participant," as used in section 502(a)(1)(B), does not exclude an ex–spouse such as Noel from state court. Hence, *Kerbow* was decided incorrectly. Furthermore, because an ex–spouse has a sufficient interest in enforcing ERISA pension rights to sue in state courts, and because federal courts have concurrent jurisdiction in such cases, ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1), we conclude that ERISA §§ 502(a)(1)(B) and 502(e)(1) form an adequate basis for a federal court to assume jurisdiction.

Because of the binding effect of and the necessary ultimate result of *Bryant*, and because of the fundamental soundness of the district judge's conclusion that ERISA would not permit an employee to share a right through marriage yet deny the employee's ex–spouse a federal remedy, we accept the district court's conclusion that Noel qualifies as a "participant" under section 502(a)(1)(B).[3] Thus, Noel's suit against the Plan, if it had been originally filed in the federal court, would have been within the district court's original jurisdiction. The remand of Noel's state claim against Ward is unreviewable on appeal. 28 U.S.C. § 1447(d).

AFFIRMED.

---

or any member or former member of an employee organization, who is or may become eligible to receive a benefit of any type from an employee benefit plan which covers employees of such employer or members of such organization, or whose beneficiaries may be eligible to receive any such benefit.

**3.** As we agree with the district court's conclusion that Noel was a "participant" in the pension plan, we need not consider counsel's argument that original jurisdiction also existed pursuant to section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

**EUGENE A. WRIGHT, Circuit Judge,** specially concurring:

I concur, but I do not believe that the district court's jurisdiction rests solely on the fragile inference that ERISA authorizes this suit and grants this plaintiff a remedy. Even if the plaintiff's remedy is provided by state law, the suit arises under an act of Congress regulating commerce and is removable on that basis. 28 U.S.C. §§ 1337(a), 1441(a).[1]

A suit arises under an act of Congress regulating commerce if the complaint seeks a remedy granted or implied by the act "or . . . [if] the suit hinges on the interpretation of such an act." *Garrett v. Time–D.C., Inc.,* 502 F.2d 627, 629 (9th Cir. 1974) (citations omitted), *cert. denied,* 421 U.S. 913, 95 S.Ct. 1569, 43 L.Ed.2d 778 (1975). *See also Spokane County Legal Services, Inc. v. Legal Services Corp.,* 614 F.2d 662, 667 (9th Cir. 1980) (a suit arises under federal law when the complaint presents a substantial dispute over the construction or effect of federal law and the result turns on that dispute).[2]

The plaintiff claims to be directly entitled to benefits as a "participant" or derivatively entitled by virtue of a valid transfer.[3] Both theories of entitlement depend on propositions of federal law.[4] If she could not show that she was a participant within the meaning of ERISA, she would have to show that the transfer of benefits to her was not an "assignment or alienation" prohibited by ERISA to demonstrate that she was the "owner" of the benefits allegedly "converted." *See* ERISA § 206(d)(1), 29 U.S.C. § 1056(d)(1) (plan may not permit assignment or alienation of benefits).

Propositions about ERISA do not enter the case merely to negate the existence of a right based entirely on state law.[5] Instead,

---

1. ERISA is an act of Congress regulating commerce within the meaning of § 1337. *Leonardis v. Local 282 Pension Trust Fund,* 391 F.Supp. 554, 556 (E.D.N.Y.1975).

2. *Spokane County Legal Services* involved general federal question jurisdiction under 28 U.S.C. § 1331, but judicial interpretations of "arising under" are equally applicable to §§ 1331 and 1337. *Garrett v. Time–D.C., Inc.,* 502 F.2d 627, 629 (9th Cir. 1974), *cert. denied,* 421 U.S. 913, 95 S.Ct. 1569, 43 L.Ed.2d 778 (1975).

   A suit may arise under federal law even though a federal remedy is not sought. *See, e. g., Gully v. First National Bank,* 299 U.S. 109, 112, 57 S.Ct. 96, 97, 81 L.Ed. 70 (1936) (dictum); *Smith v. Kansas City Title & Trust Co.,* 255 U.S. 180, 199, 41 S.Ct. 243, 65 L.Ed. 577 (1921). "[F]ederal law creates primary relationships that have dimensions and applications beyond those points at which express remedies are provided." Note, *The Outer Limits of "Arising Under,"* 54 N.Y.U.L.Rev. 978, 1001 (1979). When the plaintiff's claim for a state remedy substantially relies on propositions about federally–governed relationships, and when the dispute over these propositions is likely to prove decisive, the suit arises under federal law. *Id.* at 979, 1004–06.

3. The district court determined that the plaintiff's claim had these elements: "(1) that the employee spouse had a right under the terms of the plan to receive benefits; and (2) that his right was validly transferred to his spouse by the divorce decree." *Stone v. Stone,* 450 F.Supp. 919, 921 (N.D.Cal.1978).

4. The first theory undoubtedly relies on federal law, and this reliance alone is probably sufficient to give rise to federal jurisdiction. *See Bell v. Hood,* 327 U.S. 678, 681–83, 66 S.Ct. 773, 775, 90 L.Ed. 939 (1946) (substantial federal claim supports jurisdiction even if claim does not prevail on merits); *accord, Hagans v. Lavine,* 415 U.S. 528, 542, 94 S.Ct. 1372, 1381, 39 L.Ed.2d 577 (1974). In any event, the second theory also relies on federal law. Federal law is essential to both aspects of the claim.

5. *Cf. Louisville & N.R.R. v. Mottley,* 211 U.S. 149, 150, 152, 29 S.Ct. 42, 43, 53 L.Ed. 126 (1908) (plaintiffs asserted contractual right based solely on state law).

   The district court apparently thought that, if the plaintiff was not deemed a "participant," her claims would not arise under federal law because her "right to acquire an interest in her spouse's benefits is created solely by state law, as are all spousal rights. . . . That ERISA permits states to create a cause of action for benefits does not mean that the cause of action arises under federal law." *Stone v. Stone,* 450 F.Supp. 919, 922–23 (N.D.Cal.1978) (citing *Gully v. First National Bank,* 299 U.S. 109, 116, 57 S.Ct. 96, 99, 81 L.Ed. 70 (1936)).

   The federal issues, however, include not merely whether ERISA permits the state to create a cause of action but whether the asserted entitlement was based on a valid transfer of benefits under ERISA. The claim of a valid transfer is an element of the cause of action.

they are necessary ingredients of the plaintiff's asserted entitlement and form "direct and essential element[s] of the plaintiff's cause of action." *See Spokane County Legal Services*, 614 F.2d at 667 (quoting *Smith v. Grimm*, 534 F.2d 1346, 1350 (9th Cir.), *cert. denied*, 429 U.S. 980, 97 S.Ct. 493, 50 L.Ed.2d 589 (1976)).

The district court therefore had jurisdiction whether the plaintiff is a "participant" or the transferee of a participant's rights.[6]

---

6. The plaintiff also had standing whether or not she is a "participant."

Standing requires an adversary relationship between the parties. *Davis v. Passman*, 442 U.S. 228, 239 n.18, 99 S.Ct. 2264, 2274 n.18, 60 L.Ed.2d 846 (1979). It does not presuppose success on the merits. *See id.*

The plaintiff undoubtedly satisfied the article III requirement of "injury in fact." *See* 13 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure*, § 3531 at 176 (1975) (although standing doctrine is ambiguous, the article III aspect "seems likely to extend only to the re-

quirement that a litigant establish 'injury in fact' resulting from the challenged activity").

She also satisfied the prudential requirement of "some connection between the asserted injury in fact and the protective purpose of the statutory or constitutional provision invoked." *Id.* at 176 77.

Even if she is not a "participant," she is the former spouse of one and transferee of his rights. She alleges an injury directly related to the interests protected by ERISA and arguably among those interests.