**BOARD OF TRUSTEES OF CARPENTERS PENSION TRUST FUND FOR NORTHERN CALIFORNIA, An Employee Pension Benefit Plan, Plaintiff-Appellant,**

v.

**Toni REYES, Ralph Reyes, Superior Court of the State of California In and For the County of Merced, George C. Barrett, As Judge of Said Court, and Michael Hennessey, As Sheriff of the City and County of San Francisco, Defendants-Appellees.**

No. 81–4353.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 13, 1982.

Decided Sept. 23, 1982.

Thomas E. Stanton, San Francisco, Cal., argued, for plaintiff-appellant; Johnson & Stanton, San Francisco, Cal., Victor J. Van Bourg, Van Bourg, Allen & Weinberg, San Francisco, Cal., on brief.

C. Rick Chamberlin, Law Offices of Lawrence Strotter, San Francisco, Cal., for defendants-appellees.

Before SWYGERT *, KENNEDY, ALARCON, Circuit Judges.

ALARCON, Circuit Judge:

The Board of Trustees of Carpenters Pension Trust Fund for Northern California [the Fund] filed an action in the district court below against Toni Reyes [Toni] pursuant to the Employment Retirement Income Security Act [ERISA], 29 U.S.C. §§ 1001–1381 and 28 U.S.C. § 2201 (declaratory judgment). The district court granted Toni's motion for summary judgment against the Fund on May 29, 1982 and awarded her $3,296.00 in attorneys' fees in connection with the Fund's federal action. The Fund has appealed to this court.

* Hon. Luther M. Swygert, Senior United States Circuit Judge for the Seventh Circuit, sitting by designation.

## I. FACTS

In 1976, Toni instituted dissolution proceedings against her husband Ralph Reyes [Ralph] in the superior court for the county of Merced. Shortly thereafter, the Fund was joined as a party to that action pursuant to the California family law joinder statute. *See* Cal. Civ. Code §§ 4363.1–3.[1] The superior court entered a decree of dissolution and ordered the Fund to pay Toni's community property share of the payments for Ralph directly to her. After judgment was entered, Toni moved for attorney's fees and the trial court denied her motion.

The Fund appealed from the judgment to the California Court of Appeal. The appellate court affirmed the trial court. *In re Marriage of Reyes,* 5 Civil No. 3575 (Cal. Ct. App. Oct. 18, 1979).

Toni appealed from the denial of her motion for attorney's fees to the California Court of Appeal. The court held that Toni's claim for attorney's fees under ERISA, 29 U.S.C. § 1132(g) was (1) waived by her failure to raise the claim until oral argument; and (2) inappropriate because she failed to establish that she was a " 'participant, beneficiary, or fiduciary' " as required by the statute. *In re Marriage of Reyes,* 97 Cal.App.3d 876, 880, 159 Cal.Rptr. 84, 86 (1979) (quoting 29 U.S.C. § 1132(g)). The court affirmed the denial of her motion for attorney's fees. *Id.*

In March, 1980, Toni moved in the trial court for an award of attorney's fees against the Fund pursuant to ERISA, 29 U.S.C. § 1132(g) for fees incurred in her defense against the Fund's appeal in 5 Civil No. 3575. The court concluded that the award of attorney's fees would be proper under ERISA and granted Toni leave to conduct discovery to determine the reasonableness of fees. The Fund petitioned for a peremptory writ from the California Court of Appeal to restrain Toni from any further action in seeking attorney's fees. The ap-

1. Toni joined the Fund pursuant to Cal. Civ. Code § 4351. This statute was subsequently amended by Cal. Civ. Code §§ 4363.1–3 which deleted the prior requirement that a judicial order be obtained for joinder.

pellate court denied the petition. *Carpenters Pension Trust Fund v. Superior Court,* 5 Civil No. 5725 (Cal. Ct. App. July 26, 1980). The trial court ordered the Fund to pay Toni $8,500 as an award for attorney's fees. The Fund has appealed this order and the case is currently pending before the California Court of Appeal. *Carpenters Pension Trust Fund v. Reyes,* 5 Civil No. 5725.

On June 26, 1980, the Fund filed the action in the matter sub judice seeking, inter alia, to enjoin the enforcement of the state court order awarding Toni attorney's fees and to enjoin "defendants, and each of them, and their respective agents, successors, employees, attorneys and those acting in concert with them, from continuing or initiating any proceedings to enforce an award of attorney's fees to defendant Toni Reyes against the Fund...."

The Fund has raised two issues on appeal. First, it claims that ERISA acts to preempt state community property law as it relates to pension distribution. Second, it claims that Toni may not properly be awarded attorney's fees pursuant to ERISA, 29 U.S.C. § 1132(g). We need not reach the merits of the first issue, however, because we find that the Fund is barred from raising it by the doctrine of res judicata.

## II. PREEMPTION ISSUE IS BARRED BY DOCTRINE OF RES JUDICATA

The doctrine of res judicata provides that when there is a final judgment on the merits, further claims by the parties or their privies based upon the same cause of action are barred. *American Triticale Inc. v. NYTCO Services, Inc.,* 664 F.2d 1136, 1146 (9th Cir. 1981). The doctrine of res judicata will prevent federal litigation of a federal constitutional claim that was or might have been raised in a state action that has come to final judgment. *Gallagher v. Frye,* 631 F.2d 127, 129 (9th Cir. 1980) (citing *Scoggin v. Schrunk,* 522 F.2d 436, 437 (9th Cir. 1975), *cert. denied,* 423 U.S. 1066, 96 S.Ct. 807, 46 L.Ed.2d 657 (1976)). The Fund previously claimed, in the dissolu-

tion proceeding filed by Toni, that ERISA acts to preempt community property interests. *In re Marriage of Reyes,* 5 Civil No. 3575. The California appellate court held that there was no preemption by ERISA:

> *In re Marriage of Campa* [89 Cal.App.3d 113, 152 Cal.Rptr. 362] ... involved precisely the same issues. The same pension fund and the same counsel appeared for the Fund as in the case at bench. The court in *Campa,* after a thorough and well reasoned analysis of those issues resolved all of them against the Fund [finding that community property laws were not preempted by ERISA]. We adopt the reasoning of the court in *Campa* to dispose of the issues in this case.

*Id.* at 3.

At oral argument, the Fund confirmed that it did not seek timely review of this state court judgment through petition for writ of certiorari. *Cf. Vorbeck v. Whaley,* 620 F.2d 191, 193 (8th Cir. 1980) (appellant barred by res judicata where he presented constitutional claims in state court but failed to seek review of state court judgment through petition for writ of certiorari). Thus, there was a final judgment in the state court action involving the Fund and Toni. The claim is barred by the doctrine of res judicata.

## III. ATTORNEY'S FEES

The Fund contends that Toni may not properly be awarded attorney's fees pursuant to ERISA, 29 U.S.C. § 1132(g). The Fund has appealed from the award of $3,296 to Toni for attorney's fees in connection with the instant matter. The Fund also seeks to enjoin Toni, inter alia, from either continuing or initiating any proceedings to enforce an award of attorney's fees against the Fund to Toni.

### A.

We first address the issue of whether attorney's fees may properly be awarded under ERISA to Toni in connection with the matter sub judice. ERISA provides that in any action pursuant to ERISA, "by a participant, beneficiary, or fiduciary, the

court in its discretion may allow a reasonable attorney's fee and costs of action to either party." 29 U.S.C. § 1132(g). The district court found that the award of attorney's fees to Toni was proper under this court's decision in *Stone v. Stone,* 632 F.2d 740 (9th Cir. 1980), *cert. denied,* 453 U.S. 922, 101 S.Ct. 3158, 69 L.Ed.2d 1004 (1981).

In *Stone,* we held that a nonemployee ex-spouse such as Toni, was a participant within the meaning of ERISA, 29 U.S.C. § 1132(a)(1)(B). This statute provides:

> (a) A civil action may be brought—
>
> > (1) by a participant or beneficiary—
> >
> > *      *      *      *      *      *
> >
> > (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan. . . .

*Id.*

This conclusion was based upon the Supreme Court's summary dismissal of the appeal in *In re Marriage of Campa,* 444 U.S. 1028, 100 S.Ct. 696, 62 L.Ed.2d 664 (1980), for want of a federal question, *see Stone v. Stone,* 632 F.2d at 742. The effect of the court's summary dismissal of *In re Marriage of Campa,* 89 Cal.App.3d 113, 152 Cal. Rptr. 362 (1979), acted as a decision on the merits that is controlling on lower federal courts. *See Carpenters Pension Trust v. Kronschnabel,* 632 F.2d 745, 748 (1980) (citing, inter alia, *Hicks v. Miranda,* 422 U.S. 332, 344, 95 S.Ct. 2281, 2289, 45 L.Ed.2d 223 (1975)). Thus, the summary dismissal established that ERISA does not preempt a state's community property law as it relates to the payment of pension fund benefits. *See Kronschnabel,* 632 F.2d at 748. We concluded in *Stone,* that if ERISA permits the transfer of an employee's pension benefit rights to an ex-spouse pursuant to state community property law, then it impli-

edly authorizes an ex-spouse to enforce these rights pursuant to 29 U.S.C. § 1132(a)(1)(B). *See* 632 F.2d at 743.[2] It follows from *Stone* that if the nonemployee ex-spouse is able to enforce his or her rights as a participant, he or she is permitted as a participant seeking to enforce these rights, the award of attorney's fees under 29 U.S.C. § 1132(g).

The Fund seeks to cast doubt on the validity of the rationale upon which *Stone* and *Kronschnabel* are based because of the reliance placed on *Campa.* The Fund argues that we are bound by the Supreme Court's summary dismissal in *Campa* only until " 'doctrinal developments indicate otherwise.' " *Hicks v. Miranda,* 422 U.S. at 344, 95 S.Ct. at 2289 (quoting *Port Authority Bondholders Protective Committee v. Port of New York Authority,* 387 F.2d 259, 263 n. 3 (2d Cir. 1967)); *see also Hawaiian Telephone Co. v. Hawaii Dept. of Labor & Indus. Relations,* 614 F.2d 1197, 1198 (9th Cir.) (per curiam), *cert. denied,* 446 U.S. 984, 100 S.Ct. 2965, 64 L.Ed.2d 840 (1980).

Recent Supreme Court cases such as *Ridgway v. Ridgway,* 454 U.S. 46, 102 S.Ct. 49, 70 L.Ed.2d 39 (1981), *McCarty v. McCarty,* 453 U.S. 210, 101 S.Ct. 2728, 69 L.Ed.2d 589 (1981), and *Alessi v. Raybestos-Manhattan, Inc.,* 451 U.S. 504, 101 S.Ct. 1895, 68 L.Ed.2d 402 (1981) are, according to the Fund, doctrinal developments indicating that the ERISA does preempt community property law as it relates to pension funds. None of these cases, however, presents the issue of whether a state's community property law is preempted by ERISA. Two of the cases address the issue of whether state community property laws are preempted by other federal statutes: *Ridgway* involved the preemption of state community property laws by the Servicemen's Group Life Insurance Act of 1965, 38 U.S.C. §§ 765–779; *McCarty* involved the issue of whether state community property laws are preemp-

---

**2.** *Stone* specifically referred to the right of a nonemployee ex-spouse to have access to the federal courts. 632 F.2d at 743. In *Stone,* the action had been removed to the district court and thus, the sole issue before the court was whether it had jurisdiction. *Id.* at 742. ERISA,

29 U.S.C. § 1132(e)(1) provides for concurrent state and federal jurisdiction for claims brought pursuant to 29 U.S.C. § 1132(a)(1)(B). Therefore, under *Stone* the nonemployee ex-spouse has access to both state and federal courts.

ted by federal law concerning military non-disability retirement pay, 101 S.Ct. at 2730. *Alessi* on the other hand, involves ERISA but not state community property law. 101 S.Ct. at 1898 (court addressed issue of whether ERISA preempted state law prohibiting offset of workers' compensation awards). Because these cases do not address whether ERISA acts to preempt state community property law we are compelled to follow *Campa*. We hold that attorney's fees may properly be awarded in the matter before us pursuant to ERISA, 29 U.S.C. § 1132(g).

We are cognizant of the fact that there are many questions, yet unresolved by the Supreme Court which result from the interplay between the law of community property and the provisions of ERISA. Review of these important issues by the United States Supreme Court would greatly assist fund administrators in meeting their responsibilities. *See, e.g., United States v. Ross,* —— U.S. ——, ——, 102 S.Ct. 2157, 2162, 72 L.Ed.2d 572 (1982).

### B.

The Fund also seeks to enjoin the initiation or continuation of any proceedings in the state court to enforce an award to Toni of attorney's fees against the Fund. In so doing, however, the Fund runs afoul of the principles of federalism recognized in *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 756, 27 L.Ed.2d 669 (1971).

 *Younger* and the line of cases that have followed limit the power of a federal court to enjoin state judicial proceedings. *Fair Assessment in Real Estate Association, Inc. v. McNary,* 454 U.S. 100, 111–113, 102 S.Ct. 177, 184, 70 L.Ed.2d 271 (1981); *L.H. v. Jamieson,* 643 F.2d 1351, 1352 (9th Cir. 1981). This court has held that abstention is appropriate where, inter alia: (1) the plaintiffs seek to enjoin the continuation of a state proceeding; and (2) the basis for federal relief could have been raised as a complete or partial defense during the normal course of the ongoing state proceeding. *Id.* at 1352–53. Where these characteristics are present the exercise of restraint by the federal court is compelling. *Id.* at 1353–54.

The appeal by the Fund from the award of attorney's fees to Toni pursuant to ERISA is still pending in the California appellate courts. *Carpenters Pension Trust Fund v. Reyes,* 5 Civil No. 5725. The state court, without interference by process of this court, should determine the rights of the parties in the case before it, including the effect to be given to the instant case. *See Jamieson,* 643 F.2d at 1353–54.

### IV. CONCLUSION

This matter is remanded to the district court to conduct an evidentiary hearing to determine the amount of reasonable attorney's fees incurred by Toni in responding to this appeal. The summary judgment of the district court is AFFIRMED.