Harry J. **PERKINS, Jr.,** and **Blyonda Ann Perkins, Plaintiffs,**

v.

**TIME INSURANCE COMPANY and Randall Davis, Defendants.**

**Civ. A. No. H87–0101(W).**

United States District Court, S.D. Mississippi, Hattiesburg Division.

July 29, 1988.

Lawrence E. Abernathy, III, Leonard Melvin, Laurel, Miss., for plaintiffs.

Thomas Milam, John Hughes, III, Jackson, Miss., for defendants.

## MEMORANDUM OPINION AND ORDER

WINGATE, District Judge.

Before the court is plaintiffs' motion to remand this matter to state court. Defendant Time Insurance Company (hereinafter, Time Insurance) resists plaintiffs' motion, contending that this court has jurisdiction over this action because the policy in question is part of an "employee welfare benefit plan" which falls under the Employee Retirement Income Security Act of 1974 (hereinafter, ERISA), 29 U.S.C. § 1002(1).

Previously, by its order of March 2, 1988, this court directed the parties to appear for a hearing on the matter and later to make submissions to the court specifically bearing on this issue. Now, having received the submissions of counsel, the court is ready to announce its decision.

The defendants have submitted affidavits and memoranda which convince this court that the policy *sub judice* is embraced by an ERISA plan. *See, Donovan v. Dillingham*, 688 F.2d 1367, 1373 (11th Cir.1982). Defendants' assertions have been virtually uncontroverted by the plaintiffs. For example, defendants have stated that the employer, Modern Petroleum Technology, Inc., entered into an employer participation agreement to establish a "fringe benefit" program for its five employees and that the employer subsequently paid the premiums, when due, for the coverage sought for its employees, including the insured plaintiff, Harry J. Perkins, Jr. None of these advancements has been disputed by the plaintiff.

This Court, therefore, may find that Modern Petroleum Technology, Inc., established and maintained an employee welfare benefit plan for its intended beneficiaries, the employees. 29 U.S.C. § 1002(1). As a part of an employee welfare benefit plan, the subject group major medical insurance comes within the ambit of ERISA's coverage. 29 U.S.C. § 1003(a).

Though plaintiffs do not dispute the surrounding circumstances advanced by the defendants, plaintiffs do assert two arguments: (1) that plaintiffs' cause of action is not preempted, and (2) that the subject policy here involves a multiple employer trust (hereinafter, MET) which is not within ERISA's scope. The thrust of the plaintiffs' first argument regarding preemption flies in the face of the United States Supreme Court's pronouncement in *Pilot Life Insurance Company, Inc. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). In that case, the Court ruled that Mississippi's "bad faith" law is preempted by the federal cause of action under ERISA. 107 S.Ct. at 1558. *See also,* 29 U.S.C. §§ 1132 and 1144(a).

In support of their second argument regarding existence of a MET, the plaintiffs rely upon the case of *Taggart Corporation v. Life & Health Benefits Administration*, 617 F.2d 1208 (5th Cir.1980). In that case, the Court of Appeals for the Fifth Circuit

**578**

affirmed a District Court finding that the surrounding circumstances established the conclusion that the sole employee of a corporation, by subscribing to the MET, cannot thereby establish an ERISA plan. 617 F.2d at 1211. *See, Taggart Corporation v. Efros,* 475 F.Supp. 124, 127 (S.D.Texas 1979). Here, however, the facts are different in that Modern Petroleum, plaintiff's employer, established and maintained a plan for its employees. Hence, the employer-employee relationship lends itself to the finding of an ERISA plan, as distinguished from an employee-MET, or even employer-MET, relationship. *See, Credit Managers Association v. Kennesaw Life & Accident Insurance Co.,* 809 F.2d 617, 625 (9th Cir. 1987); *Ed Miniat, Inc. v. Globe Life Insurance Co., Inc.,* 805 F.2d 732, 738–39 (7th Cir.1986).

This Court, therefore, finds the existence of an employee welfare benefit plan as covered by ERISA, 29 U.S.C. §§ 1002(1) and 1003(a). This Court emphasizes, however, that this finding is only for purposes of granting defendants' petition for removal and denying plaintiffs' motion to remand. 28 U.S.C. § 1441. If at anytime it appears that this removal was improvident, the case will be remanded to state court pursuant to 28 U.S.C. § 1447(c).

IT IS, THEREFORE, ORDERED AND ADJUDGED that plaintiff's motion to remand this cause to the Circuit Court of the Second Judicial District of Jones County, Mississippi, is not well taken, and the same is hereby denied. This cause is, therefore, removed to this Court pursuant to 28 U.S.C. § 1441.

SO ORDERED.