### SOVEREIGN CAMP, W. O. W., *v.* HUNT.

(Division A. Dec. 3, 1923.)

[98 So. 62. No. 23707.]

INSURANCE. *Life policy void, where insured was killed in consequence of violating criminal laws while insane.*

A life insurance policy provided that it should be null and void if

the insured lost his life "in consequence of a violation of the laws of the state or of the United States or of any other province or nation, whether the member be at the time sane or insane." The insured lost his life in consequence of a violation of the criminal laws of the state. The evidence on behalf of the beneficiary suing tended to show that the deceased was insane at the time of his death. *Held*, that the clause in question simply meant that if the insured lost his life in consequence of an act which would have amounted to a violation of the laws of the state if he had been sane, the policy should be void, even though he was insane at the time of such act.

APPEAL from circuit court of Harrison county.

HON. D. M. GRAHAM, Judge.

Action by Noradolph Hunt, by W. H. Hunt, guardian and next friend, against the Sovereign Camp, Woodmen of the World. Judgment for plaintiff, and defendant appeals. Reversed and judgment rendered.

*Wm. Estopinal,* for appellant.

*W. L. Guice,* for appellee.

[NOTE:—No briefs now on file for either side.]

ANDERSON, J., delivered the opinion of the court.

Appellee, Noradolph Hunt, a minor, by her next friend and guardian, W. H. Hunt, brought this suit in the circuit court of Harrison county against appellant, Sovereign Camp, Woodmen of the World, for the amount of the face of an insurance policy on the life of her father for her benefit, issued by appellant, and recovered a judgment for the amount sued for, from which appellant prosecutes this appeal.

The insured, Adolph Hunt, lost his life at the hands of one Mattina, who shot him to death while said decedent as the aggressor was making an assault with a deadly weapon upon said Mattina, for the purpose apparently of taking his life. In other words, the evidence shows without conflict that said decedent, Adolph Hunt, at the time he was killed by Mattina, was violating the criminal laws of the state, and lost his life in consequence thereof. The defense made by appellant was that there could be no recovery by the beneficiary in said policy under the clause therein providing that the policy should be null and void if the insured lost his life (quoting from the policy) "in consequence of the violation of the laws of the state or of the United States or of any other province or nation whether the member be at the time *sane or insane.*" (Italics ours.) Appellee undertook to show, and testimony was introduced to the effect, that at the time the insured was killed he was insane. Appellant contends that under said stipulation in the policy there can be no recovery in this case, notwithstanding insured was insane. That said provision simply means that if the insured lost his life as the result of conduct that would have constituted a violation of the laws of the state had he been sane, the policy was avoided.

On the other hand, appellee contends, and the case was tried in the court below on the correctness of that theory, that if the insured was insane he was incapable of violating the laws of the state, and therefore it could not be said that he lost his life as a consequence thereof; that the phrase "sane or insane" is mere surplusage and amounts to nothing.

We know of no cases directly in point on this question. We are referred to none. However, by analogy it appears that the question has been settled by the courts in favor of appellant's contention. It was generally held by the courts that a stipulation in a policy by which the in-

surance company was not to be liable if the insured committed suicide relieved the company from intentional self-destruction by the insured, but did not relieve it from liability for unintentional self-destruction; and they held under such a stipulation that, where the insured was sane or insane. There seem to be no cases tentional self-destruction and the company was liable. This, of course, was on the ground that an insane person was incapable of forming an intention. These decisions of the courts were followed by a suicide clause in the policies of some life insurance companies, providing, as this one does, that the death of the insured by self-destruction, "sane or insane," should avoid the policy. Under that stipulation the courts have generally held that self-destruction avoided the policy, whether the insured was sane or insane. There seems to be no cases to the contrary. The purport of these decisions is that the clause in question simply means that if the insured is guilty of self-destruction the policy is avoided even though he was insane and therefore incapable of forming the intention to destroy himself. The text and notes and collated cases on this question will be found in 25 Cyc. at pages 877 to 880, inclusive.

The stipulation in the policy involved recognizes that one cannot violate the laws of his country if he be insane, and undertakes to meet that identical condition by providing that, if the insured commit an act that would be a violation of the laws of the state if he were sane, it shall void the policy even though he be insane. Why should not the insurer and insured so contract? We see no reason to the contrary. We therefore hold that the clause in question means that the policy shall be avoided if the insured lose his life in consequence of committing an act although he be insane, if such act, were he sane, would be a violation of the laws of the state.

Reversed, and judgment here for appellant.

*Reversed.*