Eunice TERRY, Plaintiff,

v.

**PROTECTIVE LIFE INSURANCE COMPANY, Defendant.**

Civ. A. No. J89–0034(L).

United States District Court,
S.D. Mississippi,
Jackson Division.

July 19, 1989.

William W. Ferguson, Raymond, Miss., for plaintiff.

E. Clark Rumfelt, Wells, Wells, Marble & Hurst, Jackson, Miss., for defendant.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

Plaintiff, Eunice Terry, beneficiary of an insurance policy issued by defendant, Protective Life Insurance Company, brought this action seeking recovery of accidental death benefits allegedly due her under the policy. The cause is now before the court on the motion of defendant to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure or, in the alternative, for summary judgment. Plaintiff has filed a response, and the court has considered the memoranda with attachments submitted by the parties in ruling on the motion.

Robert Terry, the insured, died on March 27, 1988 after being shot by his son, Victor Terry. The son shot Robert Terry when Robert Terry pursued him with a pistol during a heated argument. At the time of his death, Robert Terry was insured under a group life insurance policy issued by defendant to his employer, Kitchen Brothers Manufacturing Company. The policy provided Robert Terry with $5,000 life insurance coverage and $5,000 in accidental death coverage. After Robert Terry's death, defendant paid plaintiff $5,000 in life insurance benefits. However, defendant has refused to pay accidental death benefits, claiming that the circumstances of the insured's death bring it under the policy's express exclusion from coverage of losses "due to the commission of an assault or felony." Plaintiff filed suit in state court seeking recovery of the accidental death benefits and punitive damages. Although the precise nature of plaintiff's claims as stated in her complaint is unclear, it appears that plaintiff is alleging negligence, tortious breach of contract and bad faith regarding defendant's refusal to pay the claim. What is clear, nevertheless, is that all plaintiff's claims as stated are based on Mississippi common law. Defendant removed the action to this court, alleging both diversity and federal question jurisdiction because of preemption by the Employee Retirement Income Security Act, 29 U.S.C. § 1001 et seq. (1985 & Supp.1989), of all claims relating to an employee benefit plan. Defendant now seeks dismissal for failure to state a claim, alleging once again that plaintiff's claims are preempted by ERISA. In the alternative, defendant has moved for summary judgment on the issue of coverage.

## PREEMPTION BY ERISA

The court agrees with defendant's initial assertion that pursuant to 29 U.S.C. § 1144, all state law claims which relate to an employee welfare benefit plan are preempted by the exclusive remedies of ERISA, 29 U.S.C. §§ 1109, 1131, 1132, 1140, 1141. *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549, 95 L.Ed.2d 39 (1987). ERISA defines an employee welfare benefit plan to include

any plan, fund, or program ... established or maintained by an employer ... to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, ... benefits in the event of ... accident [or] death....

29 U.S.C. § 1002(1). State law claims based on common law breach of contract, negligence, bad faith, breach of fiduciary duty, or any other state statutory or common law and brought to recover damages for the refusal of such a plan to pay a claim relate to an employee welfare benefit plan for purposes of ERISA preemption. *Pilot Life*, 481 U.S. at 57, 107 S.Ct. at 1558.

However, defendant's assertions regarding ERISA preemption beg the threshold question of whether Robert Terry's insurance policy was in fact part of an employee welfare benefit plan within the meaning of ERISA. Under what circumstances a group insurance policy, issued through an employer, is part of such a "plan, fund, or program" or indicates its

existence is a question which continues to trouble the courts.[1] A common test is that set forth in *Donovan v. Dillingham*, 688 F.2d 1367 (11th Cir.1982), which judges the existence of an ERISA plan by an objective examination of the surrounding circumstances:

> In determining whether a plan, fund or program ... is a reality a court must determine whether from the surrounding circumstances a reasonable person could ascertain the intended benefits, beneficiaries, source of financing, and procedures for receiving benefits. Some essentials of a plan, fund, or program can be adopted, explicitly or implicitly, from sources outside the plan, fund, or program—e.g., an insurance company's procedure for processing claims ...—but no single act in itself necessarily constitutes the establishment of the plan, fund, or program. For example, the purchase of insurance does not conclusively establish a plan, fund, or program, but the purchase is evidence of the establishment of a plan, fund, or program; the purchase of a group policy or multiple policies covering a class of employees offers substantial evidence that a plan, fund, or program has been established.

*Id.* at 1373. The Fifth Circuit, however, has taken a more restrictive approach. *Taggart Corp. v. Life & Health Benefits Administration*, 617 F.2d 1208 (5th Cir. 1980), *cert. denied*, 450 U.S. 1030, 101 S.Ct. 1739, 68 L.Ed.2d 225 (1981), involved a suit by the beneficiary under a group insurance policy against the insurer. In defining the parameters of an ERISA plan, the court indicated that a "plan, fund, or program" requires some control, administration, or responsibility on the part of the employer:

> Considering the history, structure and purposes of ERISA, we cannot believe that that Act regulates bare purchases of health insurance where, as here, the purchasing employer neither directly nor indirectly owns, controls, administers or

assumes responsibility for the policy or its benefits.

*Id.* at 1211.

While the exact facts or circumstances necessary to prove the establishment of an ERISA plan remain uncertain, there is clearly a minimum level of employer involvement necessary for such a finding. Regulations promulgated by the Department of Labor state unequivocally that a group or group-type insurance program is not an ERISA plan if the employer does not contribute to the payment of premiums, the participation by the employees in the program is voluntary, the sole function of the employer is, without endorsing the program, to publicize the program and to collect premiums, and the employer does not profit from the insurance program. 29 C.F.R. § 2510.3–1(j) (1988). It is unnecessary in the case *sub judice* for this court to determine the exact requirements of an ERISA plan, because defendant has failed to show that the group insurance policy issued by defendant is anything other than the type of program described in the Department of Labor regulations. The record in this case indicates only that Robert Terry's employer purchased a group policy from the defendant; thus the court is unable to determine whether this policy could be considered to be an ERISA plan or is evidence of such a plan. Because defendant is the party asserting ERISA preemption, the burden is on it to establish the existence of a plan which would invoke ERISA's exclusive remedy provisions. *See Kanne v. Connecticut Gen. Life Ins. Co.*, 859 F.2d 96, 99 n. 4 (9th Cir.1988); *see also Murphy v. Inexco Oil Co.*, 611 F.2d 570, 574 (5th Cir.1980). The court concludes that defendant has failed to meet its burden of showing that ERISA applies to this case.

### MERITS OF CLAIM

Because defendant has failed to establish ERISA preemption, the complaint may not be dismissed on that basis. Nevertheless, defendant may prevail on its

---

1. Although *Pilot Life* involved a group insurance policy, the court did not address the issue of when such a policy is or indicates the existence of an ERISA plan.

alternative motion for summary judgment if the court concludes that defendant is entitled to judgment under Mississippi law. Plaintiff contends that Robert Terry's death is covered under the terms of the accidental death policy as a death resulting from "an injury caused by external, violent and accidental means" and that the exclusion for death due to the "commission of an assault or felony" does not apply. Plaintiff does not challenge the fact that the insured was engaged in the commission of an assault or felony when his death occurred; rather, she argues this exclusion cannot apply because it is so ambiguous as to be devoid of meaning and is therefore unenforceable. Plaintiff claims that the language of the exclusion must be characterized as ambiguous because it does not specify whether the assault or felony must be committed *by the insured* in order for the exclusion to apply.

The court notes, first, that even were this phrase ambiguous, which the court does not believe to be the case, it would be the court's duty to construe the phrase so as to give it a reasonable effect if at all possible, rather than to simply ignore it. *See Employers Ins. of Wausau v. Trotter Towing Corp.*, 834 F.2d 1206, 1210 (5th Cir.1988); *New York Life Ins. Co. v. Nessossis*, 189 Miss. 414, 196 So. 766, 768 (1940); *Restatement (Second) of Contracts* § 203(a) (1981); *see also Mississippi Benefit Ass'n v. Majure*, 201 Miss. 183, 29 So.2d 110, 112 (1947). However, the court concludes that the phrase is not ambiguous. A contract term is ambiguous only if it is susceptible to more than one reasonable interpretation. *Employers Ins. of Wausau*, 834 F.2d at 1210. The only reasonable meaning of the exclusion is that losses due to the commission of an assault or felony by the insured, and only by the insured, are to be excluded. Interpretation of the phrase to exclude losses due to the commis-

sion of an assault or felony by a person other than the insured would be inconsistent with the definition under Mississippi law of losses due to accidental means. Such losses have without exception been held to include intentional acts by third parties. *See, e.g., Davis v. Continental Casualty Co.*, 560 F.Supp. 723 (N.D.Miss. 1983). Moreover, in the only Mississippi case interpreting a similar phrase, the court implicitly assumed that the act referred to must be committed by the insured. In *Sovereign Camp W.O.W. v. Hunt*, 136 Miss. 156, 98 So. 62 (1923), the court stated that a life insurance policy provision rendering the policy void if the insured lost his life "in consequence of a violation of [law]" means that the policy may be avoided "if the insured lose his life in consequence of committing an act" in violation of the law. *Hunt*, 98 So. at 63. Finally, the court cannot ignore the simple fact that "violation of law" clauses are routinely included in insurance policies, and it appears to be universally assumed that these exclusions apply to violations of law by the insured. *See generally* 43 Am. Jur.2d *Insurance* § 580 (1982). The court concludes that because the insured's death was the result of a commission of an assault or felony by him, plaintiff has no claim for accidental death benefits under the policy issued by defendant.[2]

Accordingly, because there exists no genuine issue of material fact in this case, defendant's motion for summary judgment will be granted. A separate judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

SO ORDERED AND ADJUDGED.

---

2. The analysis and result in this case would not change were plaintiff's claims cognizable under ERISA. In analyzing ERISA claims not directly governed by its statutory provisions, a federal court is "to develop and apply federal common law consonant with [ERISA's] objectives," *Hayden v. Texas–U.S. Chemical Co.*, 681 F.2d 1053, 1058 (5th Cir.1983), borrowing from state contract law when appropriate, *Scott v. Gulf Oil Corp.*, 754 F.2d 1499, 1502 (9th Cir.1985). Because ERISA contains no body of contract law by which employee benefit plans are to be interpreted and enforced, *id.* at 1501, the general principles of contract law used by this court to construe the insurance policy would be applicable in an ERISA case.