The **TAGGART CORPORATION** et al.,
Plaintiffs-Appellants,

v.

**LIFE AND HEALTH BENEFITS ADMINISTRATION, INC.,** et al.,
Defendants-Appellees.

No. 79–3285
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

May 30, 1980.

* Fed.R.App.P. 34(a), 5th Cir. Local R. 18.

**1210**

Rowland & Keim, David H. Graves, Houston, Tex., for plaintiffs-appellants.

Louis L. Joseph, Carin A. Clauss, Sol., Monica Gallagher, Norman P. Goldberg, U. S. Dept. of Labor, Washington, D. C., Dale Wootton, Dallas, Tex., amicus curiae.

Fulbright & Jaworski, Ronald D. Secrest, Houston, Tex., for defendants-appellees.

Before HILL, GARZA and THOMAS A. CLARK, Circuit Judges.

JAMES C. HILL, Circuit Judge:

The Security Multiple Employers Trust [SMET], appellee, provides group insurance to employers too small to qualify for group rates on their own. Employers subscribe to SMET and thereby become members of SMET's "group" of subscribers; SMET then pools the "group's" premiums and purchases insurance on their behalf. Taggart Corp., appellant, whose sole employee is Stanley M. Kansas, appellant, subscribed to SMET in 1976. Kansas and his family thereupon enjoyed health insurance protection, via SMET, from a carrier of SMET's choosing. Kansas claimed benefits for his wife in March, 1977. SMET subsequently informed Kansas that the trust carrier was denying coverage because of alleged misrepresentations in his insurance application. Kansas responded by bringing the instant lawsuit under 29 U.S.C.A. § 1132 (West 1975), which extends federal jurisdiction to enforce benefits due beneficiaries of federally regulated "employee welfare benefit plan[s]." 29 U.S.C.A. § 1002(1) (West 1975). The district court held that SMET was not such a "plan," within the statutory definition, and accordingly granted defendants' motion to dismiss for lack of subject matter jurisdiction. *Taggert [sic] Corp. v. Efros*, 475 F.Supp. 124 (S.D.Tex.1979). See Fed.R. Civ.P. 12(b)(1). Taggart and Kansas appeal.

Whether this insurance case belongs in federal court turns on whether SMET is covered by the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S. C.A. §§ 1001–1381 (West 1975 & Supp.1979). Appellants urge that SMET is an "employee welfare benefit plan," by which they mean

> any plan, fund, or program which was heretofore or is hereafter established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment
>
> . . . .

29 U.S.C.A. § 1002(1) (West 1975). We agree with both the district court and the Secretary of Labor, who filed an Amicus Brief, that SMET was neither established nor maintained by a statutory "employer" or "employee organization," *see* 29 U.S.C.A. §§ 1002(4), 1002(5) (West 1975), and hence falls without the scope of ERISA.

SMET is a proprietary enterprise, established and operated by independent businessmen for their personal profit. As a kind of insurance mutual fund, SMET acts as mere conduit for hundreds of unrelated subscriber customers, forwarding premium payments to a group insurer. Neither Taggart Corp. nor any other employer participates in SMET's day-to-day operation or administration. The venture was established and is "maintained by entrepreneurs for the purpose of marketing products or services to others. . . . [Such an enterprise is neither] established [n]or maintained by the appropriate parties to confer ERISA jurisdiction." H.R.Rep. No. 94–1785, 94th Cong., 2d Sess. 48 (1977), quoted in *Private Medical Care Foundation, Inc. v. Califano*, 451 F.Supp. 450, 461 (W.D.Okl. 1977). *See Wayne Chemical, Inc. v. Columbus Agency Service Corp.*, 567 F.2d 692 (7th Cir. 1977); *Bell v. Employee Security Benefit Association*, 437 F.Supp. 382 (D.Kan. 1977).

While agreeing with the preceding conclusion, the Secretary of Labor urges us nonetheless to uphold federal jurisdiction in this case by declaring that Taggart Corp.'s *subscription to SMET* itself "established a single employer welfare plan." Brief for Secretary of Labor as Amicus Curiae at 15. We reject this suggestion. Considering the history, structure and purposes of ERISA, we cannot believe that that Act regulates bare purchases of health insurance where, as here, the purchasing employer neither directly nor indirectly owns, controls, administers or assumes responsibility for the policy or its benefits. This conclusion draws support from various quarters.

ERISA's legislative history demonstrates that its drafters were principally concerned with abuses occurring in respect of private pension assets. "The assets of private plans, estimated to be in excess of $150 billion, constitute the only large private accumulation of funds which [sic] have [sic] escaped the imprimatur of effective federal regulation." H.R.Rep. No. 93–533, 93d Cong., 2d Sess. 3, *reprinted in* [1974] U.S.Code Cong. & Admin.News, pp. 4639, 4641. To forestall misappropriation and misuse of such funds, Congress mandated that all employee benefit plans be established in the form of a trust, 29 U.S.C.A. § 1103 (West 1975), subject to federal standards of fiduciary duty. 29 U.S.C.A. § 1104 (West 1975). Congress acted further to assure the integrity of employee benefits by mandating annual reports, 29 U.S.C.A. § 1023 (West 1975), containing both actuarial data and certified financial statements. For enforcement purposes, ERISA "plans" are suable entities. 29 U.S.C.A. § 1132(d)(1) (West 1975). In light of this statutory framework, we think the words "plan, fund, or program," 29 U.S.C.A. § 1002(1) (West 1975), cannot fairly be said to describe Taggart's subscription to SMET.

The supposed Taggart "plan" has no assets and is liable for no benefits. There is nothing to be placed in trust, so there is no trust. The corporation did no more than make payments to a purveyor of insurance, patently for tax reasons. *See* I.R.C.

§§ 104–06; Treas.Reg. § 1.162–10, 26 C.F.R. § 1.162–10 (1978). There simply exist no assets for ERISA's statutory safeguards to protect. Nor do the statute's vesting and funding goals militate in favor of finding a "plan" here, since those provisions expressly except "welfare" plans from their coverage. 29 U.S.C.A. §§ 1051(1), 1081(a)(1) (West 1975). On the other hand, Congress has elsewhere clearly distinguished between "health plans" and "health insurance." I.R.C. §§ 105(a), 105(e). As with pension plans, see H.R.Rep. No. 93–807, 93d Cong., 2d Sess. 1, *reprinted in* [1974] U.S.Code Cong. & Admin.News, pp. 4670, 4670; *compare* 29 U.S.C.A. §§ 1052–81 (West 1975) *with* I.R.C. §§ 410–12, legislative reform of welfare plans has been effected in part through amendment of the Internal Revenue Code. *See* Revenue Act of 1978, § 366, 26 U.S.C.A. § 105(h) (West Supp.1979). These complementary Code provisions may reasonably be construed *in pari materia* with ERISA reforms located in Title 29. *See Erlenbaugh v. United States,* 409 U.S. 239, 243–44, 93 S.Ct. 477, 480, 34 L.Ed.2d 446 (1972). In this connection, we observe that I.R.C. § 105 distinguishes between "accident or health insurance," § 105 (a), and "accident or health plan[s]." § 105(e). That Congress has thus chosen to treat the two separately reinforces our conclusion that ERISA "plans" are broader in concept than pure insurance transactions of the sort involved here.

It is not surprising that appellants have refrained from adopting the Secretary's line of argument. Taggart Corp. has not taken the first step toward bringing a "single employer benefit plan" into compliance with ERISA. Acceptance of the Secretary's position conceivably could result in Taggart's criminal prosecution. 29 U.S.C.A. § 1131 (West 1975). No such anomalous result is required on the facts of this case. We hold that neither SMET nor Taggart's subscription to SMET constitutes a "plan, fund, or program," within the meaning of 29 U.S.C.A. § 1002(1) (West 1975), and that appellants accordingly have no right of action under 29 U.S.C.A. § 1132

(West 1975). Federal subject matter jurisdiction being thus absent, the district court properly dismissed appellants' pendent claims as well. *E. g., Daniels v. All Steel Equipment, Inc.*, 590 F.2d 111, 114 (5th Cir. 1979); *Morgan v. Odem*, 552 F.2d 147, 149 (5th Cir. 1977) (per curiam). Our decision, of course, leaves appellants free to pursue their insurance claims in an appropriate state court. *See, e. g., Hitt v. City of Pasadena*, 561 F.2d 606, 608 (5th Cir. 1977) (per curiam); *Mann v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 488 F.2d 75, 76 (5th Cir. 1973) (per curiam).

AFFIRMED.