## CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Jones

v.

Commonwealth Service Operations, Inc., et al.

Parsons

v.

Commonwealth Service Operations, Inc., et al.

October 30, 1985

Case Nos. (Law) 9824, 9825

By JUDGE ALFRED D. SWERSKY

These cases are before the Court on Defendants' Motions to Dismiss or alternatively for Summary Judgment. The basis of the Motion in each case is that the common-law actions alleged in the Motions for Judgment are pre-empted by the Employee Retirement Income Security Act of 1974 (ERISA) found at 29 U.S.C. § 1001, et seq. Defendant argues that since the Motions for Judgment do not allege claims for relief under ERISA they must be dismissed because the statutory scheme contained in ERISA provides the only remedy available to these plaintiffs. They rely on Title 29, U.S.C., § 1144(a).

Plaintiffs argue that the mere agreement by an employer to purchase health insurance for employees and to contribute a part of the costs does not constitute a "plan" covered by the provisions of ERISA. They rely on *Taggart Corporation v. Life & Health Benefits Administration*, 617 F.2d 1208 (5th Cir. 1980), as authority for this position.

In view of the Courts holding as follows it is not necessary to decide whether or not the activities of the Defendants constitute a "plan" subject to ERISA provisions.

In Section 1114(b)(2)(A), an exception to the pre-emption provision is made for "any law of any State which regulates insurance, banking, or securities." Section 1144(c) defines "State Law" as including all "laws, decisions, rules, regulations, or other State action having the effect of law." In *Metropolitan Life Insurance Co. v. Massachusetts*, 105 S.Ct. 2380 (1985), the Supreme Court applied this savings clause to a State statute mandating certain health benefit requirements. In that case the Court said, "If a State law 'regulates insurance' as mandated-benefit laws do, it is not pre-empted." 105 S.Ct. at 2393.

In *Dedeaux v. Pilot Life Insurance Co.*, 770 F.2d 1311 (5th Cir. 1985), the Circuit Court of Appeals extended the Metropolitan holding to common-law causes of action for breach of contract and tort against an insurance company. The Court there held:

> We are left with the unavoidable conclusion that state laws proscribing the same conduct as ERISA may provide a cause of action in place of, in addition to, or coequal with any cause of action available under ERISA. 770 F.2d at 1317.

In the cases before this Court common-law remedies of breach of fiduciary obligations, conversion, and fraud and deceit are brought against the employer, not the insurance carrier. However, Title 38.1, Section 356.01, of the Code of Virginia provides the statutory basis for the causes of action. As part of the statutory scheme regulating insurance, particularly accident and sickness policies, the Legislature has placed the burden on the employer to notify employees of cancellation of group policies and made it a crime for such employer to continue to collect premiums for such cancelled policies. This is precisely what Plaintiffs have alleged the Defendants have done.

Since the Plaintiffs' causes of action arise out of a State law regulating insurance the pre-emption clause

of Section 1114(a) does not apply because of the savings clause contained in Section 1114(b)(2)(A).

For the foregoing reasons, Defendants' Motion to Dismiss will be denied.