HARRIETTE TURNBOW, Appellant, v. PACIFIC MUTUAL LIFE INSURANCE COMPANY, a California Corporation; PENSION ADMINISTRATION, INC., a California Corporation; JOHN F. McGOWAN, Individually, DONALD R. LAWRENZ, Individually and as Trustee for Beneficial Employees Security Trust; BENEFICIAL EMPLOYEES SECURITY TRUST, Respondents.

No. 18516

December 21, 1988

765 P.2d 1160

*Riley Beckett* and *Carl F. Martillaro,* Carson City, for Appellant.

*Hawkins & Sharp* and *Keegan G. Low,* Reno, for Respondents.

## OPINION

*Per Curiam:*

On November 1, 1974, appellant, Harriette Turnbow, dba The Bottle Stop, subscribed to respondent Beneficial Employees Security Trust (BEST). Appellant is the sole owner of "The Bottle Stop," a liquor store in Yerington. BEST is a multi-employer

trust (MET), underwritten by respondent Pacific Mutual Insurance Company. A MET is a trust created to pool small employers together to permit them to obtain lower insurance rates.

By subscribing to BEST appellant was able to obtain major medical insurance benefits up to $1,000,000. Appellant paid the premiums through The Bottle Stop. The policy provided coverage for appellant and three full-time employees of The Bottle Stop.

In August, 1981, appellant suffered a stroke. Appellant received benefits under the policy. However, by May of 1983 the monthly premium had risen to $1,256.00. Appellant could no longer afford the premium payments and lost her benefits under the policy.

On July 15, 1985, appellant filed suit in the First Judicial District Court. Appellant sought insurance proceeds and damages under several different theories including: breach of contract, bad faith, breach of the insurance companies' obligations under NRS 686A.010 *et seq.*, infliction of emotional distress and punitive damages. Respondents removed the suit to federal district court. Subsequently, the case was remanded back to the First Judicial District Court.

Respondents moved to dismiss the action. Respondents asserted that appellant had created an ERISA plan and that appellant's causes of action were therefore preempted by federal law.[1] Appellant opposed the motion contending that she had not created an ERISA plan. The district court treated the motion to dismiss as a motion for summary judgment. The district court granted respondents' motion finding that appellant had created an ERISA plan and that federal law preempted her causes of action under state law. This appeal followed.

Appellant contends that the district court erred in granting respondents summary judgment. Specifically, appellant contends that the district court erred in determining that she had created an ERISA plan.

There are two leading cases on the issue of whether an employer can create an ERISA plan merely by purchasing health insurance benefits for employees. One is Donovan v. Dillingham, 688 F.2d 1367 (11th Cir. 1982) and the other is Taggart Corp. v. Life and Health Benefits Administration, Inc., 617 F.2d 1208 (5th Cir. 1980). Both cases indicate that more is involved in creating an ERISA plan than the mere purchase of health insurance benefits for employees by an employer.

The court in *Dillingham* held that employers who subscribed to METS pursuant to collective bargaining agreements or pursuant to a continuing practice of purchasing insurance for a class of

---

[1]Employees Retirement Income Security Act of 1974, U.S.C. §§ 1001 *et seq.*

employees had established employee welfare plans. *Dillingham,* 688 F.2d at 1374. The *Dillingham* court also held that those employers subscribing to a MET, although not pursuant to collective bargaining agreements or a practice of providing insurance benefits, also established employee welfare plans if circumstances showed an anticipated continued furnishing of the benefits. *Dillingham,* 688 F.2d at 1374, 1375. Thus, *Dillingham* requires, in addition to the employer purchasing health insurance benefits for employees, that circumstances indicate the employer is committed to the continuation of health insurance benefits for employees.

The *Taggart* court held that an employer did not establish an ERISA plan by subscribing to a MET. *Taggart,* 617 F.2d at 1211. The *Taggart* court stated: ''[W]e cannot believe that [ERISA] regulates bare purchases of health insurance where, as here, the purchasing employer neither directly nor indirectly owns, controls, administers or assumes responsibility for the policy or its benefits.'' *Taggart,* 617 F.2d at 1211. The *Taggart* court reasoned that ERISA had been created to protect the assets of employee benefit plans and that because there were no assets and the employer was not liable for benefits no plan existed. *Taggart,* 617 F.2d at 1211. Thus, *Taggart* also requires, in addition to the employer purchasing health insurance benefits for employees, that some indication exists showing the employer intended to guarantee the continuation of health insurance benefits for employees.

We conclude that the district court erred in finding that appellant had created an ERISA plan. Appellant did not create an ERISA plan. Unless there is some indication that an employer is committed to or has guaranteed the continuation of such benefits, nothing is created for ERISA to protect and no plan exists. Appellant did not purchase the health insurance for her employees pursuant to a collective bargaining agreement or a practice of providing such benefits. Nor is there any indication that appellant intended to guarantee the continued furnishing of the benefits. ERISA does not regulate the bare purchases of health insurance where, as here, there is no indication that the employer intended to guarantee the continued furnishing of the benefits.

Appellant also contends that the district court erred in determining that her state common law claims were preempted by ERISA. The United States Supreme Court has held that when an ERISA plan exists state common law remedies are preempted by the remedies provided under ERISA. Pilot Life Insurance Co. v. Dedeaux, 481 U.S. 41, 107 S.Ct. 1549 (1987). As we stated above, appellant did not create an ERISA plan. Therefore, her

state common law remedies were not preempted and the district court erred in determining that they were.

Furthermore, appellant does not qualify as a participant or beneficiary in an ERISA plan within the meaning of ERISA and therefore may seek relief under our state common law.

> In order for an individual to bring an action to recover benefits owed under an ERISA plan, the individual must be a "participant" or "beneficiary" of the plan. *See* 29 U.S.C. § 1132(a)(1)(B). Conversely, if [appellant] is not a "participant" or "beneficiary," [she] may sue under and seek the broader relief provided by state tort law, and the case must be remanded to state court to permit [her] to do so.

Dodd v. John Hancock Mut. Life Ins. Co., 688 F.Supp. 564, 568 (E.D.Cal. 1988). Appellant was a participant or beneficiary in an ERISA plan only if she was an employee. *Dodd,* 688 F.Supp. at 569.

*Dodd* held that "an owner of a corporation who is also an employee of the corporation shall be treated as an employee for purposes of determining whether the owner is a participant in such a plan within the meaning of ERISA." *Dodd,* 688 F.Supp. at 571. The *Dodd* court reasoned that when self-employed individuals incorporate the corporation becomes the employer and the most natural reading of the statute includes all corporate employees as employees under an ERISA plan. In this case, appellant was self-employed. Her business, The Bottle Stop, was not incorporated and therefore could not be considered appellant's employer. Thus, even if appellant could be viewed as having created an ERISA plan, she was not an employee and is entitled to seek relief in state court. Accordingly, we reverse and remand this case to the district court so that appellant may proceed to trial on all her causes of action.[2]

---

[2]THE HONORABLE E. M. GUNDERSON, Chief Justice, did not participate in the decision of this appeal.