956 F.2d 274
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jerry HERBST, Plaintiff-Appellant,
v.
HUMANA HEALTH INSURANCE OF NEVADA, INC., Defendant-Appellee.
 No. 91-15102.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 14, 1992.*
Decided Feb. 24, 1992.
 
 Before FLETCHER, D.W. NELSON and FERNANDEZ, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jerry Herbst appeals the Rule 12(b)(6) dismissal of his claims under Nevada law against Humana Health Insurance of Nevada ("Humana"). The district court dismissed the claims on the grounds that they were preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et seq. Herbst contends that his coverage under Humana's medical insurance policy did not constitute a "plan, fund or program" within the meaning of 29 U.S.C. § 1002(1). We affirm the district court's conclusion that ERISA preempts Herbst's claims.[1]
 
 
 3
 Herbst has previously litigated claims against Humana arising from the same injuries in Nevada state court. That state court concluded on May 12, 1988 that Herbst's insurance coverage was obtained pursuant to an ERISA plan within the meaning of section 1002(1), and that therefore he was not entitled to recover punitive damages against Humana.[2] Herbst concedes that this holding satisfies the requirements of collateral estoppel. He contends, however, that he should be allowed to relitigate the question of whether the plan was within ERISA because the "legal climate" has changed between the time of the Nevada court decision and this case.
 
 
 4
 It is true that collateral estoppel does not apply where there has been "an intervening change in the governing law." Artukovic v. Immigration and Naturalization Service, 693 F.2d 894, 898 (9th Cir.1982). Herbst bases his claims of a change in the law on two cases: Kanne v. Connecticut General Life Ins. Co., 867 F.2d 489, 492 (9th Cir.), cert. denied, 492 U.S. 906 (1989) and Turnbow v. Pacific Mutual Life Ins. Co., 765 P.2d 1160, 1161 (Nev.1988), cert. denied, 490 U.S. 1102 (1989). Neither case changed the law within the meaning of the exception to collateral estoppel.
 
 
 5
 Prior to the Nevada state court decision, two courts of appeals had considered whether and under what circumstances a group health insurance policy was a plan for ERISA purposes. Those cases are Donovan v. Dillingham, 688 F.2d 1367, 1375 (11th Cir.1982) and Taggart Corp. v. Life and Health Benefits Admin., Inc., 617 F.2d 1208, 1211 (5th Cir.1980), cert. denied sub nom. Taggart Corp. v. Efros, 450 U.S. 1030 (1981). In addition, the Department of Labor had promulgated regulations expounding the definition of an ERISA plan. See 29 C.F.R. § 2510.3-1(j). Both Kanne and Turnbow rely on Donovan, Taggart and the Department of Labor regulations, all of which were in existence well before the Nevada state court decision. Turnbow relied on Taggart in concluding that the insurance policy before the court was not an ERISA plan because the employer did not intend to continue furnishing health insurance to its employees. Kanne relies on the Department of Labor regulation and Donovan in concluding that employer contributions to a group health plan bring that plan within the scope of ERISA.[3]
 
 
 6
 The "change in controlling law" exception to collateral estoppel applies where a controlling legal authority has rendered the first decision "obsolete or erroneous, at least for future purposes." Commissioner of Internal Revenue v. Sunnen, 333 U.S. 591, 599 (1948). In reaching their conclusions, both Turnbow and Kanne expressly rely on prior authority available to the Nevada state court. Even were we to conclude that these new cases made some changes in the law governing ERISA plans, they clearly do not render "obsolete or erroneous" cases and regulations which they cite with approval.
 
 
 7
 We therefore conclude that Kanne and Turnbow do not constitute changes in controlling law sufficient to preclude the application of collateral estoppel. Herbst is estopped by the Nevada proceeding from denying that his health insurance policy is an ERISA plan. Because it is an ERISA plan, Herbst's state law claims are preempted, Pilot Life Ins. Co. v. Dedeaux, 481 U.S. 41 (1987), and dismissal was appropriate.
 
 
 8
 The judgment of the district court is AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the briefs without oral argument pursuant to 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 State laws are preempted insofar as they "relate to" ERISA plans. 29 U.S.C. § 1144(a). Ingersoll-Rand v. McClendon, 111 S.Ct. 478, 482 (1990)
 
 
 [2]
 State courts are entitled to decide questions of ERISA preemption, and their determinations are entitled to preclusive effect in federal courts. Turnbow v. Pacific Mutual Life Ins. Co., 934 F.2d 1100, 1103 (9th Cir.1991)
 
 
 [3]
 Indeed, any change in the law occasioned by Kanne would be a change adverse to Herbst, since if anything it broadens the scope of ERISA. See 867 F.2d at 492