**William G. WEIGLE, Jr.**

v.

**AIG INSURANCE COMPANY and The Dow Chemical Company.**

Civ. A. No. 95–369.

United States District Court, M.D. Louisiana.

July 19, 1995.

**373**

MacAllynn J. Achee, Baton Rouge, LA, for plaintiff.

Peter F. Caviness, Dauzat, Falgoust, Caviness, Bienvenu & Stipe, Opelousas, LA, for defendants.

## RULING ON THE PLAINTIFF'S MOTION TO REMAND

POLOZOLA, District Judge.

Plaintiff has filed a Motion to Remand this suit to state court. For the reasons which follow, the plaintiff's motion is denied.

## PROCEDURAL HISTORY

The plaintiff, William G. Weigle, Jr., filed this lawsuit to recover disability benefits under the Voluntary Group Accident Insurance Plan ("VGA Plan"), a policy of group disability insurance issued by AIG Life Insurance Company ("AIG") to the plaintiff's employer, The Dow Chemical Company ("Dow") ("the defendants").

This suit was originally commenced in the Nineteenth Judicial District Court for the Parish of East Baton Rouge, State of Louisi-

ana. The defendants timely removed the action to this Court pursuant to 28 U.S.C. § 1441 on the following grounds: (1) the Court has original jurisdiction over the case pursuant to 28 U.S.C. § 1331 because the plaintiff's complaint raises a federal question under the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001–1461, and (2) the Court has original diversity subject matter jurisdiction pursuant to 28 U.S.C. § 1332. In his motion to remand, the plaintiff contends that the Court does not have subject matter jurisdiction in this case under either 28 U.S.C. § 1331 (federal question) or 28 U.S.C. § 1332 (diversity).

## FEDERAL QUESTION JURISDICTION

■ The Court's federal question jurisdiction hinges on whether the VGA Plan meets the definition of an "employee welfare benefit plan" as that term is set forth in ERISA. As defined in ERISA, an "employee welfare benefit plan" is

any plan, fund, or program ... established or maintained by an employer or by an employee organization, or by both, to the extent that such plan, fund, or program was established or is maintained for the purpose of providing for its participants or their beneficiaries, through the purchase of insurance or otherwise, (A) medical, surgical, or hospital care or benefits, or benefits in the event of sickness, accident, disability, death or unemployment,....[1]

Resolution of this issue is a question of fact.[2]

■ In making this factual determination, the Court is guided by a comprehensive scheme developed by the Fifth Circuit for determining whether a particular plan qualifies under the above definition.[3] The Court must first ascertain whether a plan exists at all. If a plan does exist, the Court must then determine whether the plan in question falls within the safe-harbor provision promulgated by the Department of Labor. If so, the plan is excluded from ERISA's coverage, and the Court's inquiry is terminated. However, if

1. 29 U.S.C.A. § 1002(1) (West 1985).

2. *Gahn v. Allstate Life Ins. Co.*, 926 F.2d 1449, 1451 (5th Cir.1991).

3. *Meredith v. Time Ins. Co.*, 980 F.2d 352, 355 (5th Cir.1993).

the standard for ERISA exclusion established by the Department of Labor is not satisfied, the Court must decide whether the plan is covered by ERISA according to the criteria established by the Fifth Circuit since failure to satisfy the safe harbor provision does not necessarily mean that ERISA applies.[4]

In determining whether a plan exists at all, the Court must apply the following test:

> In determining whether a plan, fund, or program (pursuant to a writing or not) is a reality a court must determine whether from the surrounding circumstances a reasonable person could ascertain the intended benefits, beneficiaries, source of financing, and procedures for receiving benefits.[5]

Because it is readily apparent from the evidence in the record that the VGA Plan meets this standard, an extensive analysis of the above criteria is unnecessary.[6]

The Court must next determine whether the VGA Plan falls within the safe-harbor provision promulgated by the Department of Labor.[7] This exemption provides that a plan is not covered by ERISA

> if (1) the employer does not contribute to the plan; (2) participation is voluntary; (3) the employer's role is limited to [permitting the insurer to publicize the program to its employees,] collecting premiums and remitting them to the insurer; and (4) the employer received no profit from the plan.[8]

To fall outside ERISA's coverage, a plan must meet all four prongs of the test.[9] Because the defendant does not dispute that the Plan satisfies the first, second and fourth criteria, the only issue in the instant case is in regard to the defendant's involvement in the program.[10]

A review of the evidence submitted by the defendant reveals that Dow's involvement was not limited *solely* to the activities listed under prong three.[11] Rather, the evidence establishes that Dow, among other things, created the VGA Plan, authored the VGA Plan Document and Summary Plan Description which describes the plan and insurance benefits available to the employee, negotiated for and obtained a group policy of insurance from AIG to implement and maintain the plan, actively administers the plan, authored the enrollment materials and established the procedures necessary for an employee to enroll in the VGA Plan and obtain coverage, determines eligibility according to the standards it established, handles all employee communication and inquiries concerning general VGA Plan information, and assists its employees in completing claim forms which are then forwarded to AIG.[12] Accordingly, the Court determines that because Dow's sole function was not to simply allow the insurer to advertise the program and to collect/remit premiums, the safe-harbor provision does not apply to exempt the VGA Plan from ERISA coverage.

Thus, the Court is compelled to conduct further inquiry into whether the plan is a qualified ERISA plan. As noted earlier, a plan's failure to fall within the safe-harbor provision and be excluded from ERISA does not, *ipso facto*, qualify it as an ERISA plan. Rather, "[b]y its very terms, ERISA applies only to those employee welfare benefit plans that are established or maintained by an

4. *Hansen v. Continental Ins. Co.*, 940 F.2d 971, 976–78 (5th Cir.1991).

5. *Donovan v. Dillingham*, 688 F.2d 1367, 1373 (11th Cir.1982) (en banc). *See also Memorial Hosp. Sys. v. Northbrook Life Ins. Co.*, 904 F.2d 236, 240–41 (5th Cir.1990) (adopting this test for the Fifth Circuit).

6. *See* Def.Mem.Opp'n Mot.Remand Exs. 1 (Plan Document for the VGA Plan), 2 (insurance policy issued by AIG) & 3 (Summary Plan Description).

7. *See* 29 C.F.R. § 2510.3–1(j) (1994). *See also* ERISA, § 505, 29 U.S.C.A. § 1135 (West 1985).

8. *Meredith v. Time Ins. Co.*, 980 F.2d 352, 355 (5th Cir.1993).

9. *Memorial Hosp.*, 904 F.2d at 241 n. 6.

10. *See* Def.'s Mem.Opp'n.Mot.Remand at 4–5.

11. *See Hansen v. Continental Ins. Co.*, 940 F.2d 971, 977 (5th Cir.1991).

12. *See* Def.'s Mem.Opp'n.Mot.Remand (Fowler Aff. at 2–3).

employer for the purpose of providing certain benefits to its employees."[13]

 To find that an employer "established or maintained" an employee benefits plan, the Court must conclude that there has been "some meaningful degree" of involvement with the creation or administration of the plan by the employer.[14] It is well-established in the Fifth Circuit that bare purchases of insurance, without further involvement by the employer in the collection of premiums, administration of the program or submission of claims, does not qualify a plan under ERISA.[15] Additionally, the Court must find an intent on the employer's behalf to provide certain specified benefits to its employees.[16]

 In light of these standards, the Court determines that the VGA Plan is an "employee welfare benefit plan" under ERISA terminology. The evidence in the record clearly reveals that Dow assumed some meaningful degree of responsibility for administration of the VGA Plan *and* possessed an intent to provide the benefits at issue to its employees. Consequently, this action was properly removed from state court and the Court has subject matter jurisdiction herein under 28 U.S.C. 1331.[17]

Therefore:

**IT IS ORDERED** that the plaintiff's motion to remand be and it is hereby **DENIED**.

---

13. *Hansen,* 940 F.2d at 977.

14. *Hansen,* 940 F.2d at 978.

15. *See Kidder v. H & B Marine, Inc.,* 932 F.2d 347, 352–53 (5th Cir.1991); *Memorial Hosp. Sys. v. Northbrook Life Ins. Co.,* 904 F.2d 236, 242 (5th Cir.1990); *Taggart Corp. v. Life and Health Benefits Admin., Inc.,* 617 F.2d 1208, 1211 (5th Cir.1980), *cert. denied,* 450 U.S. 1030, 101 S.Ct. 1739, 68 L.Ed.2d 225 (1981).

16. *Hansen,* 940 F.2d at 978.

17. Because the Court has federal question subject matter jurisdiction under ERISA, the Court need not determine whether diversity of citizenship jurisdiction also exists.