BC SERVICES, INC. d/b/a Bonded Collection Service, Inc., a Colorado corporation, assignee Plaintiff,

v.

Karen A. WADE, Defendant and Third–Party Plaintiff,

Intermountain Administrators, Inc., a Montana corporation and Excelsior Youth Centers, Inc., a Colorado corporation, Third–Party Defendants.

No.  CIV.A. 03–K–1211.

United States District Court, D. Colorado.

March 30, 2004.

**1046**

William C. Duven, Colorado Springs, CO, for Plaintiff.

Brian S. MacKenzie, MacKenzie Law Firm, P.C., Denver, CO, for Defendant and Third–Party Plaintiff.

F. Michael Ludwig, Wood, Ris & Hames, P.C., Clinton Paul Swift, Hall & Evans, United States District Court, Sandra Lea Spencer, White & Steele, P.C., Denver, CO, for Third–Party Defendants.

## ORDER ON THIRD–PARTY DEFENDANTS' MOTIONS TO DISMISS

KANE, Senior District Judge.

This collection action was removed to federal court after the Defendant, Karen Wade, filed a Third–Party Complaint against her employer and the administrator of her employer's health benefits plan seeking payment for medical costs expended on behalf of her son and compensatory damages. Specifically, Wade claims Excelsior Youth Centers Inc. ("Excelsior") and Intermountain Administrators, Inc. ("Intermountain") breached their contractual and fiduciary duties to her under the plan, misrepresented the plan's terms, and engaged in bad faith when they refused to evaluate, investigate and perform under the insurance policy. Wade seeks damages on these state law claims in "an amount that will fully compensate [her] for injuries, losses, and damages in the past, present, and future ... [including] lost time, for costs, expert witness fees, attorney fees, treble damages, exemplary damages, [and] damage to her credit rating."

Excelsior and Intermountain both move to dismiss, arguing the Third–Party Complaint asserts claims that are preempted by ERISA and therefore fails to state a cause of action under Rule 12(b)(6). Wade demurs, suggesting Excelsior's was not an ERISA qualified plan and that fact issues preclude any determination at this stage of the proceedings that it was. Alternatively, and if it were determined that her third-party claims are controlled and/or preempted by ERISA, Wade seeks leave to amend her Complaint to plead her

claims under 29 U.S.C. § 1132. Excelsior and Intermountain object, asserting it would be fruitless to allow Wade to amend because she has failed to exhaust administrative remedies that are a prerequisite to filing suit under ERISA.

█ There are five elements to a qualified employee or employee welfare benefit plan under ERISA: (1) a plan, (2) established or maintained by (3) an employer; (4) for the purpose of providing medical, surgical, [or] hospital care, (5) to participants or their beneficiaries. 29 U.S.C. § 1002(1). Under the facts alleged by Wade in her Third–Party Complaint, I agree with Defendants that the Excelsior plan administered by Intermountain falls within this definition. Wade's assertion that it cannot be said to be a qualified plan because Excelsior may not meet the definition of "employer" under ERISA, citing *MDPhysicians & Assocs., Inc. v. State Bd. of Ins.*, 957 F.2d 178, 185 (5th Cir.1992) and *Taggert Corp. v. Life & Health Benefits Admin.*, 617 F.2d 1208, 1210 (5th Cir. 1980), is unpersuasive. Those cases involved profit-making plans established or maintained by third party entrepreneurs, and thus fell outside the definition of a qualified plan because they were not administered by an "employer." *See* 29 U.S.C. § 1002(5)("employer" is one who acts directly or indirectly "in the interest of an employer," not himself, "in relation to an employee benefit plan"). In her Third–Party Complaint, Wade specifically alleges Excelsior is her "employer" and that Intermountain "administered a self-funded health benefits plan *for* [her] employer, Defendant Excelsior." Third–Party Complaint, ¶ 4 (emphasis added).

█ Wade also suggests Excelsior's health benefits plan falls under the Department of Labor's "safe harbor" provision at 29 C.F.R. § 2510.3–1(j) and asserts it is incumbent on Defendants to prove otherwise. I disagree. As plaintiff, it is Wade who must allege facts that bring her within the safe harbor provision. Under § 2510.3–1(j), employee benefit plans with one or more of the following characteristics are excluded from ERISA coverage: (1) no contribution is made by the employer; (2) employee participation in the program is completely voluntary; (3) the sole functions of the employer are to permit the insurer to publicize the program to employees and to collect premiums through payroll deductions; and (4) the employer receives no consideration in connection with the program. *See Gaylor v. John Hancock Mut. Life Ins. Co.*, 112 F.3d 460, 463 (10th Cir.1997). There are no facts alleged in the Third–Party Complaint that permit an inference that Excelsior's plan falls within the safe harbor provision of 29 C.F.R. § 2510.3–1(j).

For the foregoing reasons, I agree that as pleaded, the state law causes of action asserted in Wade's Third–Party Complaint are preempted by ERISA and therefore fail to state a claim upon which relief can be granted. The Third–Party Complaint is DISMISSED, but leave is GRANTED for Wade to amend to state either a viable cause of action under ERISA or to allege facts giving rise to an inference that Excelsior's health benefits plan at issue falls outside ERISA's scope. Defendants' assertion that amendment would be futile because Wade has failed to exhaust her administrative remedies is premature, and is therefore rejected.